UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RUDOLPH MILLS,                                                    **DECISION**
                                                                        **and**
                              Plaintiff,                          **ORDER**

              v.                                                  **19-CV-1178WMS(F)**

STEUBEN FOODS, INCORPORATED,
ERIC PETERSON,
ANDREA SCANZUSO,
KENNETH STANLEY,
JOSEPH RENALDO,
JOHN CAVAR,
DEBRA GORSKI,

                              Defendants.
_____

APPEARANCES:          DEREK SMITH LAW GROUP PLLC
                      Attorneys for Plaintiff
                      SEAMUS P. BARRETT, of Counsel
                      1 Penn Plaza, Suite 4905
                      New York, New York   10119

                      BOND, SCHOENECK & KING, PLLC
                      Attorneys for Defendants
                      ADAM P. MASTROLEO,
                      MARK A. MOLDENHAUER,
                      PETER H. WILTENBURG, of Counsel
                      200 Delaware Avenue, Suite 900
                      Buffalo, New York   14202


        In this action seeking damages for employment discrimination, Defendants, by

papers filed September 27, 2022, move to compel answers and responses to

Defendants' interrogatories and document production requests, a redaction and

privilege log, Plaintiff's appearance for deposition in this district, and an amended Case

Management Order (Dkt. 38) ("Defendants' motion").  Plaintiff's opposition was filed

October 20, 2022 (Dkt. 42); Defendants' Reply was filed October 31, 2022 (Dkt. 43).

On October 17, 2022, Plaintiff filed a motion to compel complete responses to Plaintiff's document production request and interrogatories, privilege, redaction and production logs, document production in a searchable format and for a protective order, sanctions and an amended Case Management order (Dkt. 40) ("Plaintiff's motion"); Defendants' Opposition to Plaintiff's motion was filed November 8, 2022 (Dkt. 46); Plaintiff's Reply was filed November 21, 2022 (Dkt. 48).  Oral argument was deemed unnecessary. Plaintiff's federal (Title VII and § 1981) and state law (N.Y. Human Rights Law) claims arise from a series of racial slurs allegedly uttered and/or painted on Plaintiff's auto by certain of the individual Defendants, Defendant Steuben's failure to promote Plaintiff, and Defendant Steuben's condoning the racial slurs beginning in 2014 and its retaliation in the form of Plaintiff's termination in 2017 based on Plaintiff's complaint against the discriminatory conduct by individual Defendants.

A.      Defendants' Motion.

        1.      Defendants' Interrogatories.

        In particular, Defendants assert Plaintiff provided deficient answers to Interrogatories 3, 4, 6, 7, 8, 9, and 10.  Dkt. 38-1 ¶ 14.  Plaintiff's objections to these interrogatories include lack of relevancy and burdensomeness.  *See* Dkt. 38-6 at ¶¶ 4, 5.  Interrogatory No. 3 requests Plaintiff identify details regarding all persons and entities to whom Plaintiff applied for employment since January 1, 2017, successfully or not.  Dkt. 38-1 ¶ 34.  In Plaintiff's answer, Plaintiff identified two entities but failed to state, as indicated in Plaintiff's associated document production, that Plaintiff had been employed by four other companies.  Dkt. 38-1 at 11.  Interrogatory No. 4 requests Plaintiff identify all persons and entities by whom Plaintiff was employed with related

2

details such as the name and address of such employers, dates of employment and pay.  Dkt. 38-1 ¶ 35.  However, as with Plaintiff's answer to Interrogatory No. 3, Plaintiff failed to include any information regarding four other entities with which Plaintiff had been employed since August 2017.  *See* Dkt. 38-1 at 12-13.  Information concerning a plaintiff's employment history is relevant to a plaintiff's damages claims.  *Doe 1 v. East Side Club, LLC*, 2021 WL 2709346, at *28 (S.D.N.Y. July 1, 2021) (information relating to plaintiff's employment history "clearly relevant" to plaintiff's "economic damages claim").  An objection based on burdensomeness requires a specific showing of such burdensomeness.  *See Olin v. Rochester City Sch. Dist.*, 2019 WL 4643594, at * 3 (W.D.N.Y. Sept. 24, 2019) ("When objecting to a request for discovery, it is the objecting party's burden to show 'specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, [unduly] burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.'" (quoting *Ruran v. Beth El Temple of W. Hartford, Inc.*, 226 F.R.D. 165, 167 (D. Conn. 2005))).  Accordingly, Plaintiff shall serve answers fully compliant with Interrogatories 3 and 4.

Interrogatory No. 6 requires Plaintiff state whether Plaintiff has filed any lawsuits or administrative claim other than the instant case.  Dkt. 38-1 ¶ 36.  Plaintiff's answer stated Plaintiff had commenced no such lawsuits or claims yet Plaintiff's counsel has acknowledged Plaintiff's involvement in a 2020 auto accident lawsuit without giving any details as the Interrogatory requested.  *Id.* at 14.  Information regarding a plaintiff's past litigation is relevant to a plaintiff's damages claim.  *Doe 1,* 2021 WL 2709346, at ** 1-4, 28-30 (plaintiff's failure to provide information concerning prior worker's compensation

claim and litigation against Fordham Law School "clearly relevant" to plaintiff's claim for damages evidenced litigation misconduct warranting sanctions).  As courts have held that a plaintiff's employment and litigation history are relevant to a plaintiff's damages claim, Plaintiff's failure to establish a lack of relevancy to the Interrogatory or provide any specification in support of Plaintiff's burdensomeness objection requires the court overrule such objections.  Plaintiff also fails to provide any grounds for denying Defendants' motion with respect to Plaintiff's failure to serve complete answers to these Interrogatories.  (Dkt. 42 at 2 (referencing Plaintiff's attempts to provide requested documents and claiming Defendants have "harassed" Plaintiff)).  Plaintiff thus shall serve an answer fully compliant with Interrogatory 6.

Defendants' Interrogatory No. 7 requested Plaintiff to provide details concerning any statements Plaintiff may have obtained relating to Plaintiff's lawsuit. Dkt. 38-1 ¶ 37. Plaintiff's response asserted objections based on lack of relevancy and undue burdensomeness.  *See* Dkt. 38-1 at 14.  However, any such statements are relevant to the instant case, *see Durant v. Target Stores, Inc.,* 2017 WL 4163661, at ** 5-6 (D.Conn. Sept. 20, 2017) (ordering defendant against whom plaintiff moved to compel, *inter alia*, statements the defendant obtained in investigating the alleged accident, to comply by producing for deposition an employee with knowledge of the investigation to provide the requested information including the statements at issue), and, as with Plaintiff's answer to Defendants' Interrogatories Nos. 3, 4, and 6, Plaintiff has not substantiated Plaintiff's burdensomeness objection to Interrogatory No. 7.  Therefore, Plaintiff's objections to this Interrogatory are overruled.

4

Interrogatory No. 8 requires Plaintiff to identify all notes and records kept by Plaintiff regarding the allegations as stated in the Amended Complaint.  Dkt. 38-1 ¶ 38. In addition to Plaintiff's relevancy and burdensomeness objections, Plaintiff also referred Defendants to Plaintiff's responses to Defendants' First Request for Documents. *See* Dkt. 38-1 at 15  (referencing Dkt. 38-5 in which Plaintiff asserted Plaintiff's Document Production Bates No. P000001-P00428 are responsive to the majority of Defendants' Document Requests relating to this subject).  *See, e.g.*, Dkt. 38-5 ¶¶ 1-10, 13, 15, 17-19, 20-23.  However, such broad responses referencing a party's document production request without sufficient particularization identifying, with reasonable exactness, which documents provide the requested answer to the interrogatory, is insufficient under Fed.R.Civ.P. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully."); *Gov't Employees Ins. Co. v. Strut, M.D.*, 2021 WL 230902 at * 2 (W.D.N.Y. Jan. 22, 2021) (plaintiff directed to provide "*full, specific, detailed*, and *complete* responses to each of Defendant's disputed interrogatories" and rejecting plaintiff's "strategy" of directing defendant to allegations in the complaint or to defendants' claims files) (italics in original) (citing *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 2003 WL 21384304, at *5 n.24 (W.D.N.Y. May 9, 2003) ("[D]irecting the opposing party to an undifferentiated mass of records is not a suitable response to a legitimate request for discovery [interrogatories].") (citing caselaw)).  Plaintiff's objections to this interrogatory are therefore overruled.

Defendants' Interrogatory No. 9 requests Plaintiff identify all health care providers who diagnosed or treated Plaintiff since January 1, 2012, and provide a detailed description of each service.  Dkt. 38-1 ¶ 39.  In district courts within this circuit, such

details are to be routinely provided to permit the defendant to determine the cause to

which the plaintiff's claimed emotional distress and diminished health is attributable.

*See Briganti v. Connecticut Technical High School System*, 2015 WL 728518, at * 5

(D.Conn. Feb. 19, 2015) (granting defendant's motion to compel the plaintiff to produce

discovery including names of treatment providers and treatment records related to the

plaintiff's general health which the plaintiff put at issue in employment discrimination

case).  Plaintiff's relevancy and generalized burdensomeness objections to this

Interrogatory are therefore overruled.  Plaintiff shall provide detailed information

regarding all health care providers as requested in Defendants' Interrogatory No. 9

including (a) the provider who performed Plaintiff's neck surgery, (b) the provider who

performed Plaintiff's knee surgery, (c) the provider who performed surgery on Plaintiff in

November 2019 if a surgery other than on Plaintiff's neck or knee and, (d) any providers

who treated Plaintiff for sleep apnea, who conducted a sleep study on Plaintiff or any

other sleep related condition or the Center which provided such services.

Defendant's Interrogatory No. 10 requests Plaintiff to provide identification

information for all health care providers who provided diagnosis or treatment for any

physical or psychological conditions caused by Defendants' conduct as alleged in the

lawsuit.  *See* Dkt. 38-1 ¶ 40.  Plaintiff has failed to respond sufficiently to Defendants'

contention regarding this Interrogatory.  In response, Plaintiff only asserts he provided

authorizations from Dr. Carducci, a physical therapist whom Plaintiff identified after

Defendants filed Defendants' motion, *see* Dkt. 43 ¶ 14.  Contrary to  Plaintiff's

representation that Plaintiff produced a HIPAA authorization regarding knee surgery at

Kings County Medical Center ("KCMC"), Defendants maintain this facility has no

records concerning Plaintiff.  *Id.* (citing Defendants' Exh. Q, Dkt. 43-3, copy of e-mail, from Verisma Systems, Inc., a compliance contract firm, dated May 13, 2022, stating absence of any treatment records for Plaintiff at KCMC).   Finally, Defendants point out that Plaintiff's sleep apnea occurred for a period longer than 2020.  *Id.* Thus, Plaintiff's objection fails to sufficiently respond to Defendants' contentions in support of Defendants' motion on this issue.  Accordingly, Plaintiff's generalized objections to this Interrogatory are overruled.  Plaintiff shall serve an answer fully compliant with this Interrogatory.

        2.   <u>Defendants' Document Requests</u>.

        Defendants contend Plaintiff's production responsive to Document Request 13, seeking documents relating to Plaintiff's efforts to obtain employment from January 1, 2017 to the present, Document Request No. 17 requesting all documents relating to Plaintiff's damages claims, and Document Request No. 20 requesting medical authorizations, failed to fully comply with Defendants' requests, *see* Dkt. 42 at 2-3, *see* Dkt. 38-1 ¶ 43.  Defendants further argue Plaintiff's response to Document Request No. 20 requesting Plaintiff execute and return to Defendants medical authorizations, *i.e.*, HIPAA, forms for all medical and mental health care providers identified in Interrogatories Nos. 9-10 was deficient.  Dkt. 38-1 at 19 ¶ 43.  Specifically, Defendants contend that although Plaintiff has provided some HIPAA authorizations, such production failed to include several providers whom Plaintiff's documents indicate Plaintiff utilized since his termination on August 30, 2017.  *See id.*  Plaintiff opposes Defendants' motion on this issue arguing Plaintiff has already provided authorizations. Dkt. 42 at 2-3.  As discussed, *supra*, regarding Interrogatories Nos. 9-10, this assertion

is inaccurate.  As to Defendants' Document Requests Nos. 13 and 17, Defendants point

to the fact that Plaintiff failed to object to these Requests or state Plaintiff was not in

possession of responsive documents, Dkt. 43 ¶ 7, a fact which Plaintiff does not

dispute.  *See* Dkt. 43 (*passim*).  According to Defendants, Plaintiff's document

production responsive to Request No. 20 indicates Plaintiff received treatment from nine

other sources, *see* Dkt. 38-1 ¶ 43, seven of which are at issue, *see* Dkt. 43 ¶ 16, a point

Plaintiff also fails to dispute, *see*  Dkt. 42 (passim) (arguing Defendants failed to provide

any "need" for the requested medical records) other than to attempt to argue such

requests seek information irrelevant to Plaintiff's discrimination claims.  *See* Dkt. 42 at

2.  Nevertheless, courts have found that medical treatment for conditions other than

those specifically at issue in cases may well have relevance to other issues, particularly

psychological ones, that comprise elements of a plaintiff's damage claim based on

mental distress.  *See Doe 1*, 2021 WL 2709346, at ** 5-7, 28-30 (sanctioning the

plaintiff for failing to comply with court-ordered discovery including, *inter alia*, medical

records pertaining to the plaintiff's mental health treatment which were relevant to the

plaintiff's damages claim based on mental distress).  Thus, Plaintiff's relevancy

objection to Request No. 20 is overruled and Plaintiff shall provide suitable HIPAA

authorizations for the following: (1) provider who performed neck surgery; (2) provider

who performed knee surgery (if it was not Kings County Medical Center); (3) provider

who performed surgery in November 2019, if this was a surgery other than neck or knee

surgery; (4) Island Ambulatory Surgery Center; (5) Paul Kleinman, M.D.; (6) Black Car

Fund; and (7) any providers who treated Plaintiff for sleep apnea, a sleep study, or any

other sleep-related condition.

Plaintiff also stated Plaintiff's willingness to provide Plaintiff's medical information obtained from Plaintiff's attorneys in the 2020 personal injury auto accident upon receipt of an executed confidentiality agreement.  *See* Dkt. 42 at 2 n. 1 (referencing an October 19, 2022 e-mail from Plaintiff's attorney for Defendants' counsel).  According to Plaintiff, Defendants failed to respond to this proposal.  *Id.*  However, the record indicates Defendants favorably responded to Plaintiff's proposed confidentiality order by e-mail on October 28, 2022.  *See* Dkt. 43-1 (e-mail from Mark Moldenhauer to Seamus Barrett) ("Seamus, I am fine with the proposed protective order. Best regards, Mark")).  Accordingly, Plaintiff's objections to Defendants' outstanding Document Requests Nos. 13, 17 and 20 are overruled and Plaintiff shall provide full responses.

3.    Redaction/Privilege Logs.

Defendants further request Plaintiff serve a Redaction Log to justify Plaintiff's redactions of certain of Plaintiff's document productions, Dkt. 38-1 at 21, which, according to Defendants, appear on Plaintiff's Documents 1, 4, 9, 12-15, 23, 29, 31-76, 78, 80, 286-289, 414, 417 and 420-425.  *Id.*  Whether to order a responding party provide a redaction log is discretionary with the court.  *See Certain Underwriters at Lloyd's v. Nat'l R.R. Passenger Corp.*, 2017 WL 1232526, at * 6 (E.D.N.Y. Feb. 17, 2017) ("where parties invoking privilege produce belated and/or inadequate privilege logs, courts have discretion to determine whether to order production of the withheld documents or instead to direct the withholding party to submit an appropriate privilege log." (citing *McNamee v. Clemens*, 2013 WL 6572899, at * 2 (E.D.N.Y. Sept. 18, 2013) (citing *In re Chevron Corp.*, 749 F.Supp.2d 170, 181-82 (S.D.N.Y. 2010), *aff'd sub nom. Lago Agro Plaintiffs v. Chevron Corp.*, 409 Fed.Appx. 393 (2d Cir. 2010)))).  In this

district, written objections to discovery requests, equivalent to a privilege log as in the case of Defendants' request for a redaction log, are to be served when responding to discovery or disclosure.  *See* Local Rules of Civil Procedure – W.D.N.Y., Rule 26(d)(1)(B)(i) (specifying objections to discovery requests must include, *inter alia*, "(a) the type of document, . . .; (b) the general subject matter of the document; (c) the date of the document; and (d) such other information as is sufficient to identify the document for a subpoena duces tecum, . . . ."); and Local Rule 26(d)(4) (specifying that "[e]fficient means of providing information regarding claims of privilege are encouraged, and parties are encouraged to agree upon measures that further this end.").  Here, Plaintiff's opposition to Defendants' motion fails to respond to Defendants' requests for a redaction and privilege log.  *See* Dkt. 42 at 1 (accusing Defendants of "bad-faith gamesmanship") (*passim*).  Accordingly, Plaintiff shall provide the requested redaction and privilege logs.

    4.   <u>Location of Plaintiff's Deposition</u>.

Defendants' motion requests Plaintiff be required to appear in this district for Plaintiff's deposition.  *See* Dkt. 38-1 at 21-24.  Plaintiff opposes this request for the reason Plaintiff is indigent and therefore unable to afford to travel to Buffalo and that Plaintiff suffers from multiple health issues including from recent surgery for Plaintiff's neck and knee injuries and severe sleep apnea that restricts his ability to travel long distances.  *See* Dkt. 42 at 3-4.  However, Plaintiff's assertions of financial and physical distress are not supported by Plaintiff's sworn declaration; instead, the assertions of such limitations are submitted, unsworn, solely by counsel which are insufficient to warrant deviation from the general rule that a plaintiff is required to appear in the district

in which the underlying suit is brought.  *See A.I.A. Holdings, S.A. v. Lehman Bros.*, 2002 WL 1041356, at * 1 (S.D.N.Y. May 23, 2002) ("Since the plaintiff chooses the forum in which an action is brought, it is well settled that a plaintiff is ordinarily required to make him or herself available for a deposition in the jurisdiction in which the action is brought.") (citing, *inter alia*, *Coburn v. Warner*, 12 F.R.D. 188, 188-19 (S.D.N.Y. 1951) (granting the plaintiff's motion to vacate a notice requiring the plaintiff to travel to New York to be deposed and requesting the deposition either be held in Boston, where the plaintiff resided, or by written interrogatories based on the plaintiff's affidavit explaining traveling to New York, where the action was filed, would jeopardize her employment and prevent the plaintiff from caring for her siblings who were without financial resources))).  *See also Daly v. Delta Airlines, Inc.*, 1991 WL 33392, at * 2 (S.D.N.Y. Mar. 7, 1991) (failure of plaintiff to provide affidavit in support of plaintiff's claim of substantial hardship if required to be deposed in New York City justified denial of plaintiff's request for a protective order).   As to Covid-related precautions, raised by Plaintiff as a ground to oppose deposing Plaintiff in this district, Dkt. 42 at 7-8, the court is confident that such precautionary procedures are equally effective in Buffalo as in New York City where Plaintiff resides and Plaintiff has proposed as the location for his deposition.  *See* Dkt. 42 at 3-4.  Accordingly, Plaintiff shall be deposed in this district.

     5.    <u>Amended Scheduling Order</u>.

     According to the Amended Scheduling Order (Dkt. 41) discovery was to be completed by November 18, 2022, a date rendered ineffective by virtue of the pendency of the instant motions such as to establish good cause for amending the Amended Scheduling Order as required by Fed.R.Civ.P. 16(b)(4).  The parties therefore shall

meet and confer and submit either a joint or individual proposed amended Case

Management Order(s) to schedule further steps in preparing the case for trial.  Such

proposed order(s) shall be submitted within 10 days.

B.      Plaintiff's Motion To Compel and For a Protective Order.

Plaintiff's motion (Dkt. 40 ¶ 2) seeks several forms of relief, specifically (1)

complete responses to Plaintiff's document production requests and answers to

Plaintiff's interrogatories;[1] (2) a complete and accurate redaction log; (3) a complete and

accurate privilege log; (4) a complete and accurate production log detailing which Bates

ranges of Defendants' 111,896 pages of document production, e-mails pertaining to

Plaintiff, served May 3, 2022, correspond to which of Plaintiff's document production

request; (5) compelling Defendants to provide Defendants' document production in a

text-searchable PDF format; (6) a protective order directing Plaintiff's deposition to be

taken remotely in New York City, where Plaintiff resides, via video conference; (7)

sanctions pursuant to Fed.R.Civ.P. 37(a)(5); and (8) and amended Case Management

Order.  The court turns to each of Plaintiff's requests in order.

1.      Defendants' Document Production and Interrogatory Answers.

In support of this demand, Plaintiff asserts Defendants have refused to produce

responsive documents Defendants have acknowledged are in their possession

particularly personnel files of the individual Defendants and 16 non-party witnesses.

Dkt. 40-1 at 2.  Plaintiff also asserts Defendants may have spoliated a photograph taken

by a non-party employee of Defendant Steuben of a racial slur painted, using lipstick, on

Plaintiff's car allegedly by Defendant Gorski.  *Id.*  Plaintiff contends Defendants' refusal

---

[1]  While Plaintiff's motion refers to Defendants' allegedly insufficient interrogatory answers, Plaintiff's
motion fails to articulate any deficiencies in Defendants' answers.

to produce is wrongfully based on Plaintiff's unwillingness to execute a confidentiality agreement.  *Id.* (referencing Plaintiff's Exh. 1 (Dkt. 40-2), Plaintiff's May 31, 2022 Deficiency Letter to Defendants).  The specific requests at issue (*see* Dkt. 40-2 at 2-3) are Plaintiff's Document Request No. 1 (requesting all documents in Defendants' possession or control relating or pertaining to Plaintiff), Request No. 2 (seeking all photos or videos of Plaintiff's vehicle), Request No. 3 (requesting all documents pertaining to Defendants' investigation of Plaintiff's discrimination complaint, failure to promote and retaliation, as alleged in this lawsuit), Plaintiff's Request Nos. 6-12 (seeking the personnel files of Defendants Eric Peterson, Scanzuso, Stanley, Renaldo, Cavar, Gorski and non-party George Peterson) and Request No. 42 (requesting personnel files with contact information for 16 non-party witnesses who are ostensibly Plaintiff's former co-employees).  Plaintiff argues Defendants wrongfully withheld production responsive to Request Nos. 1-3 in the absence of a confidentiality agreement.  As to Requests Nos. 6-12 and 42, Plaintiff asserts Defendants have wrongfully refused production based on meritless relevancy and undue burdensomeness objections.  Dkt. 40-2 at 3; Dkt. 48 at 4-7 (citing caselaw).

Defendants respond stating that on May 3, 2022, Defendants withdrew Defendants' demand for a confidentiality agreement as a condition to production responsive to Plaintiff's Requests Nos. 1-3; yet Plaintiff insisted in the May 31, 2022 Deficiency Letter that Defendants continued to precondition production upon Plaintiff's execution of an acceptable confidentiality agreement.  *See* Defendants Exhibit D, Dkt. 46-4 at 4-5 (Defendants' Second Supplemental Response to Plaintiff's First Set of Document Demands dated May 3, 2022 which substantiates that in

Defendants' Second Supplement Response to Plaintiff's Requests Nos. 1-3, Defendants dropped their previously asserted demand for a confidentiality agreement as a precondition to Defendants' responses to their Requests). In particular, whereas in Defendants' initial Response to Plaintiff's Request No. 2 requesting all photos and videos of Plaintiff's car, Defendants asserted the requirement of a confidentiality agreement precedent to production in Defendants' Second Supplementary Response to this Request, served May 2, 2022; Defendants' statement was limited to an assertion that Defendants lacked possession of any responsive documents. *See* Dkt. 46-4 at 4. Similarly, with regard to Plaintiff's Request No. 42, requesting the personnel files of 16 co-workers and contact information, although Defendants' initial response included a precondition to production based on the need for a confidentiality agreement, *see* Dkt. 46-4 at 26, no such precondition appears in Defendants' Second Supplemental Response to this Request. *See id.* (asserting objections based solely on a lack of relevancy, work product, and attorney-client privilege). Plaintiff also misapprehends Defendants' assertion that "the responses never reference a confidentiality agreement." Dkt. 48 at 6 n. 1 (referencing Dkt. 46 at 3) (accusing Defendants of perjury for asserting the absence of a required confidentiality agreement in such responses). It is clear from a fair reading of Defendants' position that Defendants' reference to "responses" in the Defendants' Second Supplemental Responses (in which Defendants deleted the confidentiality agreement requirement) refers to the Second Supplemental Response, not the Defendants' initial Response. Plaintiff's perjury accusation thus amounts to a semantical dispute. Therefore, Plaintiff's motion lacks merit based on this contention.

As to Plaintiff's Request No. 1, requesting all of Defendants' documents relating to Plaintiff, Plaintiff contends Defendants improperly "dumped" on Plaintiff 111,896 digitized pages of documents on May 3, 2022 without providing a complete production log detailing by Bates Nos. which documents are responsive to which of Plaintiff's Requests.  Dkt. 40-1 ¶ 2.  Plaintiff also contends such "dump" was not in a "text searchable" form.  Dkt. 40-1 ¶ 4.  Defendants respond that the "dump" contained 5,295 documents, Dkt. 46 ¶ 20, was made in an "industry-standard format," *id.*, ("TIFF images with load files")[2] suitable for uploading to "the most commonly used document reviewing platforms, . . . to enable sorting and searching functions," and that the files were also sent in PDF (portable document format) form which were "text-searchable by opening them and pressing [the] Ctrl-F" key on a keyboard.  Dkt. 46 ¶ 20 at 7; ¶ 44.  Defendant also maintains that Defendants' Second, Third and Fourth Supplemental Responses to Plaintiff's First Set of Document Requests stated which of these documents are responsive to which of Plaintiff's Requests.  Defendants' Declaration, Dkt. 46 ¶ 20 at 7 (referencing Defendants' August 3, 2022 Letter to Plaintiff, Dkt. 38-13 at 2).  Defendants also provided Production, Redaction, and Privilege Logs.  *Id.*  In reply, Plaintiff asserts Defendants' Production Log is "incomplete, vague and inaccurate," and "identifies bates ranges for documents that are simply not in those identified bates ranges."  Dkt. 48 at 3.  However, such assertions are without merit in that they fail to provide any reasonable particularization or examples of such deficiencies, to provide an adequate foundation for the court's determination of the merits of Plaintiff's assertion, and are therefore

---

[2] A TIFF, which stands for Tag Image File Format, is a computer file used to store so-called "raster graphics," *i.e.*, a digital image created by rectangular pixels arranged in a grid formation, and image information. TIFF is widely supported by scanning, faxing, word processing, optical character recognition, image manipulation, desktop publishing, and page-layout applications.

insufficient basis to support Plaintiff's requests for relief on this ground.  Moreover, Fed.R.Civ.P. 34(b)(2)(E)(ii) ("Rule 34(b)(2)(E)(ii)") requires that "[i]f a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms."  Here, the record does not indicate that Plaintiff ever requested that ESI discovery, such as at issue with respect to the alleged document "dump," be produced in a particular format, nor does Plaintiff assert Defendants' production is not in accordance with Rule 34(b)(2)(E)(ii) as produced in the form in which the ESI records, Defendants' e-mails pertaining to Plaintiff, Dkt. 46 ¶ 44, were "originally maintained."  Rule 34(b)(2)(E)(ii).  Additionally, on August 3, 2022, Defendants provided a production log for the e-mail ESI setting forth the Bates ranges of the different categories of e-mails in the production.  Dkt. 46 ¶¶ 46, 47.  Plaintiff fails to explain why the production log produced by Defendants does not render Defendants extensive e-mail production "reasonably usable."  *See* Dkt. 40-1 ¶ 9 (citing to 2006 Advisory Committee Note re: Rule 34(b)(2)(E)(ii) and asserting Defendants' production to be "disordered, irrelevant and unresponsive" and thus not "reasonably usable").  Plaintiff's contentions on this request for relief therefore lack merit.

In addition to Plaintiff's unsupported assertions regarding the lack of accuracy and completeness of Defendants' Production Log, Plaintiff also asserts that, contrary to Defendants' representation, the documents are not word searchable by pressing the CTRL-F keys.  At Plaintiff's invitation, Dkt. 48 at 3, the court tested Plaintiff's assertion and found that it also could not search the documents using the CTRL-F keys.  However, according to the court's IT department this could be the result of Plaintiff's

method of copying the documents into Plaintiff's Exh. 4.  Dkt. 40-5.  In any event, providing such a search capability is not required by Rule 34(b)(2)(E)(ii).  According to the 2006 Advisory Committee Note, the Rule requires only that any conversion of the format in which the ESI was originally maintained to a different format result in a format that is "reasonably usable."  The court therefore need not make a finding as to the accuracy of Defendants' asserted search capability.  Instead, the parties are directed to meet and confer with the assistance of IT professionals in good faith effort to resolve any technical issues based on this point of disagreement.  Moreover, Defendants were agreeable to providing a production log whereby "where each category of the e-mails appears in the production," and provided such log.  Dkt. 46 ¶¶ 47, 49.  In sum, Defendants have demonstrated sufficient compliance with Rule 34(b)(2)(E)(ii) in regard to the extensive ESI documents served on Plaintiff on May 3, 2022.  *See Armstrong v. Liberty Mutual Life Ins. Co.,* 2004 WL 540173, at *2 (S.D.N.Y. Feb. 25, 2014) (rejecting plaintiff's assertion that defendant had engaged in an improper  computerized "document dump" where nothing in the record showed that in producing the documents defendant did not follow the format in which documents were originally created, signed, or filed where plaintiff sought to require defendant to provide records in more searchable form, *i.e.*, reorganize the files, medical records, disability insurance policy, and plaintiff's diary, to facilitate ease of searching by plaintiff).  Here, importantly, the records at issue were responsive to Plaintiff's First Request No. 1, *viz*: to produce "all" records pertaining to Plaintiff, Plaintiff did not serve Defendants with a request that any ESI from Defendants be provided in a specific format as required by Rule 34(b)(2)(E)(ii) and Defendants' Second, Third, and Fourth Supplemental Responses together with

Defendants' production log render the Defendants' ESI production to be in a "reasonably usable" form.  Courts have held similar aides to the use of large quantities of e-mail ESI to be sufficient responses to a party's discovery requests.  *See Cruz v. G-Star Inc.*, 2020 WL 1643384, at * 2 (S.D.N.Y. Apr. 2, 2020) (ordering defendants to produce e-mails in PDF format, Bates stamped and corresponding to a privilege log to allow the plaintiff to identify from which custodian each e-mail was obtained); *In re Specialist and Other Vessel Owner Limitation Actions*, 2018 WL 11290558, at ** 1-2 (S.D.N.Y. Feb. 8, 2018) (finding party's response, "comprised of massive PDF [e-mail] files" an insufficient response to the request for production and ordering the party to break the PDF files, which had been converted from their native format, into individual Bates-stamped PDF files).

The cases cited by Plaintiff in support of Plaintiff's "dumping" contention, Dkt. 40-1 ¶ 8, are inapposite.  *See* Dkt. 46 ¶¶ 51-53.  Plaintiff's motion on this issue is therefore DENIED.

2.    <u>Photos of Plaintiff's Car</u>.

Plaintiff also asserts Defendants failed to provide copies of photos or a video of Plaintiff's car with a racial slur painted on it with lipstick allegedly by Defendant Gorski which Plaintiff believes were taken by Defendant Steuben's employee. Dkt. 40-1 ¶ 3 (referencing Plaintiff's Request Nos. 2-3).  In Defendants' Second Supplemental Response to these Requests, Defendants state they are not in possession of any responsive documents, *i.e.*, photos of Plaintiff's vehicle.  It is basic that a party cannot be compelled to produce documents which it cannot obtain.  *See Woodward v. Holtzman*, 2018 WL 5112406, at * 6 (W.D.N.Y. Oct. 18, 2018) ("court cannot order the production of a non-existent document") (citing *Shcherbakovskiy v. DaCapo Al Fine, Ltd,* 490 F.3d 130, 138 (2d Cir. 2007) ("a party is not obliged to produce, at the risk of

sanctions, documents that it does not possess or cannot obtain")).  Plaintiff has submitted nothing to dispute Defendants' stated reason, which has clear judicial support, for non-production in response to this Request.  Accordingly, Plaintiff's motion on this issue is DENIED.

       3.   <u>Individual Defendants' Personnel Files</u>.

       Plaintiff asserts Defendants have failed to provide any responses to Document Requests Nos. 6-12 requesting production of the individual Defendants' personnel files. Dkt. 40-1 ¶ 6.  However, in Defendants' Third Supplemental Production, Defendants (Dkt. 46-5) did serve responses for Defendants Eric Peterson, Stanley, Renaldo, Cavar, and Gorski, and Plaintiff does not argue to the contrary.  *See* Dkt. 46-5 at 8, 9, 10, and 11.  Defendants also state Defendants are not in possession of responsive documents for Defendant Scanzuso.  Dkt. 46-5 at 8-9.  Defendants maintain that the personnel files for George Peterson are not relevant as Mr. Peterson is deceased and is a non-party, (Dkt. 46-2 at 11) a point Plaintiff does not dispute.  Defendants also maintain that Plaintiff's counsel, in a June 13, 2022 meet and confer conference call (*see* Dkt. 46 ¶¶ 12-14) with Defendants' counsel, agreed to limit Requests Nos. 6-12 for individual Defendants to disciplinary actions taken based on complaints that such Defendants engaged in discriminatory conduct against Plaintiff and other persons as such limitation was stated by Plaintiff in Plaintiff's May 31, 2022 Deficiency Letter with respect to persons other than Plaintiff.  *See* Dkt. 40-2 at 4.  Specifically, Defendants aver (Declaration of Peter H. Wiltenburg, Nov. 8, 2022) that the limitation to discriminatory action as stated in Plaintiff's May 31, 2022 Deficiency Letter was agreed to by the parties during the conference call to apply to Plaintiff's requests for the individual

Defendants personnel files.  Dkt. 46 ¶ 14 at 4-5.  Significantly, in Plaintiff's unsworn

Reply, Plaintiff's counsel does not deny engaging in the June 13, 2022 conference call

with Defendants' attorney, nor does Plaintiff dispute the substance of the conversation

recounted by Defendants but asserts merely that such phone call "was not

memorialized in any follow-up e-mail."  Dkt. 48 at 2.  The court therefore credits

Defendants' sworn declaration that Plaintiff, in the June 13, 2022 phone conversation,

agreed to limit Plaintiff's production requests for individual Defendants' personnel files to

documents pertaining to allegations or complaints involving discrimination or retaliation

against any person other than Plaintiff as stated in the May 31, 2022 Deficiency Letter.

This court has held that a responding party may exercise some judgment as to whether

documents are relevant where an entire personnel file is requested.  *See Evans v.*

*Murphy*, 2013 WL 2250709, at ** 4-5 (W.D.N.Y. May 22, 2013) (court relied on

defendants' affirmation that all documents in personnel files requested by plaintiff need

not be produced where files show it is unlikely that all requested documents will be

relevant thus warranting denial of plaintiff's request for entire file as overbroad (citing

*Crenshaw v. Herbert*, 409 Fed.Appx. 428, 430 (2d Cir. 2011)).  Here, Defendants have

produced responsive documents for several (all but two Defendants, Gorski and George

Peterson) Defendants in accordance with the agreed upon limitation by Plaintiff's

counsel and Plaintiff, significantly, does not contend otherwise.  Further, Defendants

properly refused to produce the entire personnel files for all individual Defendants as

containing irrelevant documents including private information such as employment,

health, and taxation matters.  *See* Dkt. 46 ¶ 14.  Plaintiff's motion as to this request is

therefore DENIED.

4.    Personnel Files of Non-Party Witnesses and Contact Information.

In Plaintiff's Request No. 42, Plaintiff seeks to obtain the "complete" personnel files of 16 non-parties, Plaintiff's former employees, presumably as fact witnesses or as comparators.  Dkt. 40-1 ¶¶ 5-6; 12a.  Defendants objected to the request for lack of relevancy and as disproportional to the needs of the case, *i.e.*, unduly burdensome, Dkt. 46 ¶ 20 at 8, and also asserted privilege and work product protection.  *See* Dkt. 40-3 at 30.  Defendants oppose the request for the reasons stated above, and because Plaintiff's motion is the first time Plaintiff has raised this issue, *see* Dkt. 46 at ¶ 42, thereby failing to comply with Fed.R.Civ.P. 37(A)(1) requiring a certification that the parties have engaged in a good faith effort to avoid the need for court intervention ("Rule 37(a)(1)"), and Local R.Civ.P. 7(d)(3) providing that no motion for production of documents under Rule 37 shall be made "unless accompanied by an affidavit showing that sincere attempts to resolve the discovery dispute have been made."  ("Local Rule 7(d)(3)").  Plaintiff's response is limited to Plaintiff's assertion that the requested files pertain to "crucial witnesses and/or comparators," Dkt. 48 at 6, thereby conceding that Rule 37(a)(1)'s requirement of a good-faith effort to resolve these issues without judicial intervention be exercised as a prerequisite to relief pursuant to Rule 37(a)(1) and Local Rule 7(d)(3), were not complied with.  Accordingly, Plaintiff's motion is DENIED on this basis with regard to Request No. 42.  In any event, courts have held that discoverability of such files depended on the potential relevance of the witness whose personnel file is sought with respect to a plaintiff's specific claims.  *See Osucha v. Alden State Bank*, 2019 WL 6783289, at *4 (W.D.N.Y. Dec. 12, 2019) (denying in part plaintiff's request for personnel files based on the request being disproportionate to the needs of case where

plaintiff failed to establish a likelihood that the files would yield information relevant to plaintiff's claim of hostile work environment); *Gorzynski v. Jet Blue Airways Corp.*, 2005 WL 8156622, at ** 4-6 (W.D.N.Y. Aug. 4, 2005) (granting access to employees' personnel records where such employees reported to same supervisor as plaintiff in light of plaintiff's hostile work environment, disparate treatment and retaliation claims). Plaintiff fails to contend that any of the 16 potential witnesses were subjected to disparate treatment similar to that allegedly occurred as to Plaintiff particularly any similar racial slurs, or that any such witnesses reported to the same supervisor as Plaintiff, thus making it questionable whether accessing the personnel files of the 16 co-employees sought by Plaintiff is likely to yield any information relevant to Plaintiff's claims.  *See Osucha*, 2019 WL 6783289, at *4; *Gorzynski,* 2005 WL 8156622, at ** 4-6. Thus, even if Rule 30(a)(1) and Local Rule 7(d)(3) had been complied with, it is unlikely that the court would have found merit in Plaintiff's position on this request.

     5.    <u>Plaintiff's Request for a Protective Order</u>.

Plaintiff also requests a protective order pursuant to Fed.R.Civ.P. 26(c) directing Plaintiff's deposition be conducted in New York City where Plaintiff resides based on Plaintiff's lack of funds to pay for travel expenses to Buffalo where Defendants demand the deposition be conducted, *see* Dkt. 48 at 9; Dkt. 40-1 at ¶ 11, and because of purported physical restrictions created by Plaintiff's personal health issues.  *See* Dkt. 40-1 ¶ 11 (counsel's unsworn statement asserting physical problems relating to Plaintiff's back and leg injuries and severe sleep apnea).  Defendants' competing request that Plaintiff's deposition take place in Buffalo is GRANTED in this Decision and Order, *see* Discussion, *supra*, at 10-11, based on Plaintiff's failure to provide an affidavit

detailing in support of such reasons.  Accordingly, Plaintiff has failed to establish good cause for Plaintiff's request for a protective order as required by Rule 26(c)  *See State of New York v. Grand River Enterprises Six Nations, Ltd.*, 2020 WL 3989337, at * 1 (W.D.N.Y. July 15, 2020) ("Good cause for a Rule 26(c) protective order exists when the requesting party 'shows that disclosure will result in a <u>clearly</u> <u>defined</u> <u>specific</u> and <u>serious</u> injury.'" (quoting *Pitsiladi v. Guerro*, 2008 WL 5454234, at * 3 (S.D.N.Y. Dec. 30, 2008) (further quotation omitted) (underlining in *Grand River Enterprises Six Nations, Ltd.*)).  Plaintiff's reliance (Dkt. 40-1 ¶ 11) on this court's decision in *Dingelday v. VMI-EPE Holland B.V.*, 2018 WL 2119618, at * 2 (W.D.N.Y. May 8, 2018) ("*Dingelday*") is misplaced.  In *Dingelday*, the court denied plaintiff's request to compel defendant's Rule 30(b)(6) witness to be deposed in the United States rather than in the Netherlands where the witness resided and was employed in accordance with the presumption that a Rule 30(b)(6) witness should ordinarily be deposed in such location.  *Dingelday*, 2018 WL 2119618, at * 1 (citing caselaw).  As such, *Dingelday* has no bearing on the issue of where Plaintiff is presumptively required to be deposed in this case, which is in this district.  Plaintiff's motion for a protective order is therefore DENIED.

  6.  <u>Sanctions</u>.

  Plaintiff further requests sanctions be imposed on Defendants based on the various asserted faults with Defendants' production asserted by Plaintiff.  Dkt. 40-1 at 9. Rule 37(a)(5)(A) requires sanctions, including attorneys fees, be imposed where a party fails to provide discovery and where the failure to provide discovery is not substantially justified, or where other circumstances would not make an award unjust, Fed.R.Civ.P. 37(a)(5)(A), and upon the moving party where a motion to compel is denied.  *See* Rule

37(a)(5)(B).  Substantial justification may be found where the refusal to provide
discovery has a reasonable basis in fact or law.  *See Scott-Iverson v. Independent
Health Association*, 2017 WL 759843, at * 2 (W.D.N.Y. Feb. 28, 2017) (a party's failure
to provide discovery may be substantially justified where a genuine dispute exists, there
is an objectively reasonable basis for the failure, or the failure was based on factors
beyond the requested party's control).  Here, the court finds Defendants' purported
failure to provide the discovery requested by Plaintiff was either substantially justified in
the case of Plaintiff's document production requests, including the personnel files of
Individual Defendants, or, in the case of Plaintiff's request for the personnel files of 16
non-party witnesses (Plaintiff's Request No. 42), because Plaintiff failed to comply with
Rule 37(a)(1) and Local Rule 7(d)(3).  Accordingly, Plaintiff's request for sanctions is
DENIED.  Plaintiff shall therefore show cause <u>not</u> <u>later</u> <u>than</u> <u>20</u> <u>days</u> from the date of
this Decision and Order why the costs of Defendants' opposition to Plaintiff's motion
should not be awarded as required by Rule 37(a)(5)(B).  Defendants' response shall be
filed <u>within</u> <u>10</u> <u>days</u> thereafter; Plaintiff's reply shall be filed <u>within</u> <u>5</u> <u>days</u> thereafter.
Oral argument shall be at the court's discretion.

       7.    <u>Request for Amended Case Management Order</u>.

      Based on the time required by the court to determine Plaintiff's motion, the court
finds good cause, as required by Rule 16(b)(4), to file an amended Case Management
Order.  Accordingly, the parties shall <u>within</u> <u>10</u> <u>days</u> of this Decision and Order(s), either
jointly or individually, file a  proposed amended Case Management Order(s) scheduling
the case to trial.

**CONCLUSION**

Based on the foregoing, Defendants' motion (Dkt. 38) is GRANTED.  Plaintiff's

motion (Dkt. 40) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  January 13, 2023
         Buffalo, New York