UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RUDOLPH MILLS,

Plaintiff,

v.

STEUBEN FOODS, INCORPORATED,
ERIC PETERSON,
ANDREA SCANZUSO,
KENNETH STANLEY,
JOSEPH RENALDO,
JOHN CAVAR,
DEBRA GORSKI,

Defendants.

---

**DECISION and ORDER**

**19-CV-1178WMS(F)**

APPEARANCES:

DEREK SMITH LAW GROUP PLLC
Attorneys for Plaintiff
SEAMUS P. BARRETT, of Counsel
1 Penn Plaza, Suite 4905
New York, New York 10119

BOND, SCHOENECK & KING, PLLC
Attorneys for Defendants
ADAM P. MASTROLEO,
MARK A. MOLDENHAUER,
PETER H. WILTENBURG, of Counsel
200 Delaware Avenue, Suite 900
Buffalo, New York 14202

In this action seeking damages for employment discrimination, Defendants, on May 11, 2023, filed their application in support of an award of attorney fees pursuant to Fed.R.Civ.P. 37(a)(5)(B), for successfully opposing Plaintiff's motion to compel discovery (Dkt. 40). (Dkt. 62).

(1) Defendants' Rule 37(a)(5)(B) Request.

In its Decision and Order filed January 13, 2023 ("the January 23, 2023 D&O") (Dkt. 49), the court granted Defendants' motion to compel (Dkt. 38) ("Defendants' motion to compel"), denied Plaintiff's motion to compel ("Plaintiff's motion" or "Plaintiff's motion to compel") (Dkt. 40), and required Plaintiff to show cause within 20 days why the costs of Defendants' opposition to Plaintiff's motion should not be granted as required by Fed.R.Civ.P. 37(a)(5)(B) ("Rule 37(a)(5)(B)") ("the January 13, 2023 OTSC"). However, as a result of judicial oversight, the court failed to require Plaintiff to show cause why the costs of Defendants' motion to compel should not be awarded pursuant to Fed.R.Civ.P. 37(a)(5)(A) ("Rule 37(a)(5)(A)"). On February 13, 2023, Defendants requested the court to award Defendants' costs pursuant to Rule 37(a)(5)(A) in connection with Defendants' successful motion to compel (Dkt. 55 ¶ 6). Plaintiff did not respond to Defendants' request. By Decision and Order filed April 25, 2023 (Dkt. 58) at 2-3 ("the April 25, 2023 D&O"), the court ordered Plaintiff to show cause why Defendants' costs in connection with Defendants' motion to compel in accordance with Rule 37(a(5)(A) should not be granted. In the April 25, 2023 D&O, the court also rejected Plaintiff's asserted grounds to establish Plaintiff's discovery failures in responding to Defendants' multiple discovery requests were substantially justified or that an award of costs pursuant to Rule 37(a)(5)(B) would be unjust, *see* the April 25, 2023 D&O at 3-8, and, accordingly, the court granted Defendants' request for Defendants' costs requiring Defendants provide an application in support of such award within 20 days; Plaintiff was required to respond within 10 days of such filing. *See* April 25, 2023 D&O at 9.

In accordance with the court's direction, Defendants filed, on May 11, 2023, Defendants' Declaration In Support Of Defendants' Application For Expenses Under Rule 37(a)(5)(B). Dkt. 62 (attaching a copy of Defendants' Attorneys Billing Record for Defendants' motion to compel) ("Defendants' Billing Record"). However, to date, Plaintiff has failed to provide any response to Defendants' application. Instead, by letter dated May 1, 2023, Plaintiff requested reconsideration of the January 13, 2023 D&O. *See* Dkt. 63 at 5.

Where, in connection with a Rule 37(a)(5)(A) or (B) expense application, the opposing party fails to file a timely response in opposition to such application, the court may determine the application to be unopposed and award to the prevailing party the expenses requested by the unopposed application. *See, c.f., Ortiz v. Comm'r of Social* Security, 2022 WL 2713571, at * 1 (S.D.N.Y. July 13, 2022) (the defendant, by failing to challenge hourly rate billed for work on case, conceded the rate was reasonable), and *Wilkinson v. Forst*, 729 F.Supp. 1416, 1418 (D.Conn. 1990) (stating, in the context of awarding attorney fees to the prevailing party in a civil rights action pursuant to the relevant fee-shifting statute, 42 U.S.C. § 1988, "Defendants nowhere challenge, and apparently concede, that the hours expended by counsel, . . . are reasonable and that the rates claimed are reasonable, current rates . . . ."). Notwithstanding Plaintiff's failure to respond to Defendants' application, the court has reviewed Defendants' application and finds the time, 28.9 hours, expended to successfully oppose Plaintiff's motion to have been reasonable given the numerous issues and arguments regarding Defendants' failure to provide document production and interrogatory responses raised by Plaintiff in Plaintiff's motion to compel (Dkt. 40) and addressed by the court in the

January 13, 2023 D&O, *see* Dkt. 49 at 12-23, in support of Plaintiff's motion. *See Romeo and Juliette Laser Hair Removal, Inc. v. Assara I, LLC,* 2013 WL 3322249, at *6 (S.D.N.Y. July 2, 2013) (In assessing the reasonableness of the hours expended, the court is required to scrutinize the attorney's submission to exclude excessive time to determine the number of hours requested is reasonable.), *aff'd*, 679 Fed.Appx. 33 (2d Cir. 2017). As to the reasonableness of the attorney's hourly rate in connection with a request for expenses pursuant to Rule 37(a)(5)(B) the court is required to consider whether the rates are in line with those rates prevailing in the relevant legal market by lawyers of reasonable skill, experience and reputation *Id.* at *5 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 430 n. 3 (1983)).

Here, Defendants' attorney, Peter H. Wiltenburg, was the only attorney who worked on opposing Plaintiff's motion and has approximately 12 years experience in general civil, commercial and employment litigation. Dkt. 62 at 11. Defendants' opposition papers consisted of a 23 page attorney declaration with nine exhibits including a lengthy history of the dispute involving numerous items of discovery demanded by Plaintiff, *see* Dkt. 62 ¶¶ 14, 15 (detailing the extent of Plaintiff's production demands and Defendants' responses to Plaintiff's baseless, as determined by this court, accusations of Defendants' discovery misconduct, *see* January 13, 2023 D&O at 14 (refuting Plaintiff's assertion that Defendants' attorney was guilty of perjury based on Plaintiff's misapprehension of the Defendants' dropping Defendants' prior requirements of a confidentiality order) and at 15-18 (rejecting Plaintiff's assertion that Defendants improperly engaged in a document "dump"). Moreover, Defendants' attorney's hourly rate is well-within the rates previously approved by this court for legal services by

attorneys with comparable experience. *See, e.g., New York v. Grand River Enterprises Six Nations, Ltd.*, 2021 WL 4958653, at *4 (S.D.N.Y. Oct. 26, 2021) (finding $340 per hour reasonable rate for attorney with 10 years of civil litigation experience and $200 per hour "reasonable rate for attorney with one year experience"). Given the involved nature of the numerous issues raised by Plaintiff's motion and the corresponding need for Defendants' detailed, as accepted by the court in the January 13, 2023 and the April 25, 2023 D&Os, rebuttals to Plaintiff's contentions, the court finds Defendants' requested hours of 28.9 hour to have been reasonably required to oppose Plaintiff's motion to compel. Further, the court finds Defendants' hourly rate of $200 to be reasonable. Accordingly, the court grants Defendants' application in its entirety in the total amount of $5,780. The court also again notes Defendants' Application is unopposed by Plaintiff.

(2) <u>Defendants' Rule 37(a)(5)(A) Request</u>.

As noted, *supra*, at 2, the April 25, 2023 D&O directed Plaintiff to show cause why Defendants' costs in connection with Defendants' motion to compel granted in the January 13, 2023 D&O (Dkt. 38) in accordance with Rule 37(a)(5)(A) should not be granted ("the April 25, 2023 OTSC"). Such cause was to be filed by Plaintiff within 20 days. Dkt. 58 at 9. In response to the April 25, 2023 OTSC, Plaintiff filed, on May 15, 2023, as noted, *see, supra*, at 3, a letter requesting the court reconsider, in part, the denial of Plaintiff's motion to compel as more fully addressed in the January 13, 2023 D&O. *See* Plaintiff's May 15, 2023 Letter (Dkt. 63 at 5) (stating that Plaintiff's motion to compel was filed in good faith and based on a legitimate need for the requested discovery with particular reference to Defendant Eric Peterson's personnel file and

those of 16 non-party witnesses). Plaintiff further asserted Plaintiff's "belief" that the court's denial of the motion "was a result of the court's discretion and particular circumstances of the case, rather than an assessment of the merits of the [Plaintiff's] motion in general." Plaintiff's May 15, 2023 Letter, Dkt. 63, at 6. Plaintiff also asserted that imposing sanctions upon Plaintiff would be disproportionate and unjust and would have a "chilling effect" on a plaintiff in an employment discrimination case like the present case. *See* Plaintiff's May 15, 2023 Letter (Dkt. 63) at 6, 7. On May 17, 2023, Defendants filed Defendants' Declaration In Response to Plaintiff's Submission Concerning Expenses For Defendants' Motion To Compel under FRCP 37(a)(5)(A) (Dkt. 64) ("Defendants' Declaration Re: Defendants' Expenses Pursuant to Rule 37(a)(5)(A)"). Any reply by Plaintiff was due within five days thereafter. Dkt. 58 at 9. To date, no reply to Defendants' Declaration Re: Defendants' Expenses Pursuant to Rule 37(a)(5)(A) has been filed by Plaintiff. In Defendants' declaration, Defendants point out that Plaintiff's May 15, 2023 letter fails to comply with the April 25, 2023 OTSC and instead requests the court reconsider its determination denying Plaintiff's motion as set forth in the January 13, 2023 D&O. Dkt. 64 ¶ 3. Defendants' declaration also describes in detail why, even if Plaintiff had responded to the April 25, 2023 OTSC, Plaintiff's failure to respond to Defendants' discovery requests would not qualify as substantially justified, citing Rule 37(a)(5)(A). *See* Dkt. 64 ¶¶ 24-28. Defendants further contend Plaintiff never argued Defendants failed to comply with Rule 37(a)(1)'s requirement of a good faith effort to avoid motion practice. Dkt. 64 ¶ 29.

First, motions for reconsideration require a high standard be met in order to justify granting such motion. *Ruggiero v. Canfield*, 2020 WL 7625179, at *2 ("The

standard for granting a [reconsideration motion] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.") (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). In particular, "'[a] motion for reconsideration should only be granted where the . . . [party seeking reconsideration] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Here, careful perusal of Plaintiff's May 15, 2023 Letter fails to reveal any grounds for reconsideration. In particular, although Plaintiff's request focuses on Defendants' alleged failure to provide personnel files of the named Defendants, the January 13, 2023 D&O specifically addressed this issue finding that Plaintiff had agreed to limit Plaintiff's document production request for these Defendants, including Defendant Eric Peterson, to disciplinary actions where such Defendants were alleged to have been engaged in discriminatory conduct, *see* January 13, 2023 D&O at 19, and Defendants served responses in accordance with this limitation. *See Id.* at 20 (noting that Plaintiff did not dispute Defendants' compliance with Plaintiff's production request including with respect to Defendant Eric Peterson). Further, with regard to the 16 non-party witnesses, Plaintiff fails to articulate any error by the court in finding Plaintiff's request was unlikely to result in producing relevant evidence. *See* January 13, 2023 D&O at 21-22 (citing caselaw). That Plaintiff has waited over four months to seek reconsideration

on this issue weighs against Plaintiff's belated request and Plaintiff's request fails to demonstrate any new evidence supporting reconsideration or that manifest injustice will result if reconsideration is not granted. In short, a fair reading of the January 13, 2023 D&O demonstrates that the court's determination to deny Plaintiff's motion was not, contrary to Plaintiff's assertion, Dkt. 63 at 6, the result of the court's exercise of discretion based on the circumstances of this case, rather it was the result of the court's careful and detailed evaluation of the merits of Plaintiff's contentions.

Plaintiff's assertions that an award of costs to Defendants would be disproportionate, unjust, and have a chilling effect on the prosecution of employment discrimination cases are baseless. Whether Defendants' motion sought discovery that was disproportionate to the needs of the case, *see* Fed.R.Civ.P. 26(b)(1), was not raised by Plaintiff in opposing Defendants' motion, *see* Dkt. 42 (*passim*), and Plaintiff's burdensomeness objections to Defendants' discovery requires were overruled by the court. *See* January 13, 2023 D&O at 2-6 (addressing and rejecting Plaintiff's objections to Defendants' interrogatories asserting undue burdensomeness). Plaintiff's assertion that an award of Defendants' expenses would be unjust also fails as Plaintiff has not opposed Defendants' request and, moreover, Plaintiff has not explained why Plaintiff's default in providing answers to Defendants' interrogatories resulted from circumstances beyond Plaintiff's control. *See Scott-Iverson v. Indep. Health Ass'n, Inc.*, 2016 WL 1458239, at *2 (W.D.N.Y. Apr. 14, 2016) (citing *Restis v. American Coalition Against Nuclear Iran, Inc.,* 2014 WL 1870368 at *4 (S.D.N.Y. Apr. 25, 2014) (deponent's travel restrictions that were beyond the party's control, if documented, could have excused appearance at deposition)). Finally, Plaintiff's contention that an award of Defendants'

expenses will chill effective prosecution of employment discrimination cases would, if accepted, amount to a wholesale disregard for the requirement imposed by Rule 37(a)(5)(A) that the court "must" award such expenses, without regard to the nature of the litigation, to a prevailing party when the withheld discovery was not substantially justified or an award would not be unjust. Plaintiff's opposition to an award of Defendants' expenses for Defendants' motion to compel based on Plaintiff's stated assertions as discussed, *supra,* at 8-9, is therefore without merit. Accordingly, Plaintiff's request for reconsideration is DENIED.

Where a party fails to oppose a request for expenses pursuant to Rule 37(a)(5)(A), the court may find the party to have conceded to the request based on the absence of any opposition, *see,* c.f., *Ortiz*, 2022 WL 2713571, at * 1; *Wilkinson*, 729 F.Supp. at 1418. Here, Plaintiff has failed to respond to the April 25, 2023 OTSC pertaining to the court's belated finding that it had overlooked Defendants' successful motion to compel in ordering Plaintiff to show cause why Defendants should not be granted Defendants' expenses in connection with Defendants' Rule 37(a)(5)(A) request. Additionally, Defendants have, again, persuasively explained why Plaintiff's failure to provide the requested discovery was not substantially justified. *See* Dkt. 64 ¶¶ 20-28. Accordingly, the court finds Defendants' request pursuant to Rule 37(a)(5)(A) is conceded by Plaintiff as unopposed and as such should be GRANTED.

Furthermore, "[u]nder FRCP 37(a), the Court can hold either the party or its counsel, or both, liable." *AAlpharma Inc. v. Kremers Urban Dev. Co.*, 2006 WL 3096026, at * 6 (S.D.N.Y. Oct. 31, 2006) (citing cases). Whether to hold the offending party, its legal counsel, or both liable for payment of monetary sanctions under Rule

37(a) is a decision within the court's discretion. *Joint Stock Company Channel One Russian Worldwide v. Infomir LLC*, 2017 WL 3671036, at * 20 (S.D.N.Y. July 18, 2017) (citing *AAlpharma Inc.*, at * 6). In the instant case, the court finds that in the absence of any showing by Plaintiff to the contrary, the attorney fees awarded should be split equally between Plaintiff and Plaintiff's counsel.

**CONCLUSION**

Based on the foregoing, Defendants' request (Dkt. 62) for $ 5,780 as expenses incurred in successfully opposing Plaintiff's motion (Dkt. 40), pursuant to Rule 37(a)(5)(B), is GRANTED. Plaintiff and Plaintiff's counsel, each, shall pay to Defendants such expenses in the amount of $2,890 within 30 days. Defendants' request for expenses incurred in connection with Defendants' motion to compel (Dkt. 38) pursuant to Rule 37(a)(5)(A) is GRANTED. Defendants shall submit an application in support of such award within 20 days; Plaintiff's response shall be filed within 10 days; Defendants' reply, if any, shall be filed within five days. Oral argument shall be at the court's discretion.

SO ORDERED.

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates: July 27, 2023
Buffalo, New York