UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RUDOLPH MILLS,

                          Plaintiff,

      v.

STEUBEN FOODS, INCORPORATED,
ERIC PETERSON,
ANDREA SCANZUSO,
KENNETH STANLEY,
JOSEPH RENALDO,
JOHN CAVAR,
DEBRA GORSKI,

                          Defendants.

_____

**DECISION
and
ORDER**

**19-CV-1178WMS(F)**

APPEARANCES:           DEREK SMITH LAW GROUP PLLC
                      Attorneys for Plaintiff
                      SEAMUS P. BARRETT, of Counsel
                      1 Penn Plaza, Suite 4905
                      New York, New York   10119

                      BOND, SCHOENECK & KING, PLLC
                      Attorneys for Defendants
                      ADAM P. MASTROLEO,
                      MARK A. MOLDENHAUER,
                      PETER H. WILTENBURG, of Counsel
                      200 Delaware Avenue, Suite 900
                      Buffalo, New York   14202

      In this action seeking damages based on Plaintiff's claims of employment

discrimination by Defendants, the court, in a January 13, 2023 Decision and Order (Dkt.

49), granted Defendants' motion to compel filed September 27, 2022 (Dkt. 38)

("Defendants' motion") pursuant to Fed.R.Civ.P. 37(a)(5)(A) ("Rule 37(a)(5)(A)") and

denied Plaintiff's motion to compel, filed October 17, 2022 (Dkt. 40) ("Plaintiff's motion").

Based on the court's denial of Plaintiff's motion, the court directed Plaintiff to show

cause why Defendants' expenses incurred in successfully opposing Plaintiff's motion should not be granted pursuant to Fed.R.Civ.P. 37(a)(5)(B) ("Rule 37(a)(5)(B)").  *See Mills v. Steuben Foods Incorporated,* 2023 WL 179579, at **1-4 (W.D.N.Y. Jan. 13, 2023) ("the January 13, 2023 D&O") (Dkt. 49).  Defendants' motion included demands for Plaintiff's complete answers to seven interrogatories requesting information concerning Plaintiff's employment and litigation history, statements relating to Plaintiff's lawsuit, Plaintiff's notes and records regarding Plaintiff's allegations in the Amended Complaint, identification of all health care providers who diagnosed or treated Plaintiff since January 1, 2012 and similar information as to Plaintiff's health care providers who diagnosed or treated Plaintiff in connection with Plaintiff's physical or psychological conditions alleged by Plaintiff to have been caused by Defendants' conduct. Defendants' motion also requested Plaintiff provide complete responses to Defendants' three document production requests including that Plaintiff execute and return to Defendants required medical authorization forms relating to such diagnoses and treatments.  *Mills*, 2023 WL 179579, at **1- 4.  Plaintiff resisted answering Defendants' interrogatories and providing responses to Defendants' document requests based on objections asserting lack of relevancy and undue burdensomeness which the court overruled.  *Id.*  The court further directed Plaintiff provide a Redaction and Privilege Log to justify Plaintiff's redactions in certain of Plaintiff's document productions.  *Id.* at *4. Finally, the court rejected Plaintiff's refusal to be deposed in this district based on Plaintiff's asserted physical restrictions for lack of Plaintiff's affidavit attesting to the truthfulness of such assertions.  *Id.* (citing caselaw).  On February 13, 2023, Defendants requested the court award Defendants' expenses incurred in Defendants' successful

prosecution of Defendants' motion.  Dkt. 55 at 15-17 ("Defendants' Rule 37(a)(5)(A)

Request").  Thereafter, in an April 25, 2023 Decision and Order ("the April 25, 2023

D&O"), the court awarded Defendants' expenses pursuant to Rule 37(a)(5)(B) and

directed Plaintiff to show cause why Defendants' expenses incurred in connection with

Defendants' motion should not be granted in accordance with Rule 37(a)(5)(A) ("the

April 25, 2023 OTSC").[1]

In response to the April 25, 2023 OTSC, Plaintiff filed, on May 16, 2023, a letter,

dated May 15, 2023, requesting the court reconsider the court's January 13, 2023

Decision and Order denying Plaintiff's motion to compel (Dkt. 63) ("Plaintiff's May 15,

2023 Letter" or "Plaintiff's Letter").  *See Mills v. Steuben Foods, Incorporated*, 2023 WL

4781904, at *2 (W.D.N.Y. July 27, 2023) ("the July 27, 2023 D&O") (Dkt. 70).  Plaintiff's

Letter argued that the court's denial of Plaintiff's motion was based on the court's

exercise of discretion rather than an assessment of the merits of Plaintiff's motion, *id.*,

however, Plaintiff's Letter in requesting reconsideration of the January 13, 2023 D&O's

denial of Plaintiff's motion failed to oppose Defendant's Rule 37(a)(5)(A) request and

instead contended that an award to Defendants pursuant to Rule 37(a)(5)(B) would be

disproportionate, unjust and would have a chilling effect on the prosecution of

employment discrimination cases.  *Id.* at *3.  After noting Plaintiff did not raise the issue

of disproportionality in opposing Defendants' motion, *see Mills,* 2023 WL 4781904, at

*3, the court also rejected Plaintiff's argument asserting any award to Defendants would

be unjust and Plaintiff's chilling effect argument.  *Id.*  In opposition to Plaintiff's May 15,

2023 Letter, Defendants, on May 17, 2023, filed a nine page Defendants' Declaration

---

[1]  The April 25, 2023 D&O is not published in WestLaw.

Re: Defendants' Expenses pursuant to Rule 37(a)(5)(A) (Dkt. 64) ("Defendants' Reply Declaration"). *Id.* at 2.

In Defendants' Reply Declaration, Defendants contended Plaintiff's May 15, 2023 Letter failed to respond to the April 25, 2023 OTSC and instead requested reconsideration of the January 13, 2023 D&O. Defendants' Reply Declaration also described in detail why, even if Plaintiff had responded to the April 25, 2023 OTSC, Plaintiff's failure to respond to Defendants' multiple discovery requests would not satisfy the substantively justified criteria necessary to avoid Rule 37(a)(5)(A) sanctions. *See* Defendants' Reply Declaration (Dkt. 64) ¶¶ 24-28. Agreeing with Defendants' contentions, the court granted Defendants' Rule 37(a)(5)(A) request for expenses and required Defendants submit an application in support of such award within 30 days; Plaintiff's response to be filed within 10 days, with Defendants' reply to filed within five days. The July 27, 2023 D&O at 7-9; *see Mills*, 2023 WL 4781904, at *4. In accordance with the court's direction in the July 27, 2023 D&O, , on August 9, 2023, Defendants filed a Declaration In Support of Defendants' Application for Expenses Under Rule 37(a)(5)(A) (Dkt. 71) ("Defendants' Rule 37(a)(5)(A) Declaration") together with Exhibits A (Dkt. 71-1) & B (Dkt. 71-2). Exhibit A includes Defendants' redacted billing records in connection with the instant matter; Exhibit B is a summary of all of Defendants' counsels' time, unredacted, expended on Defendants' successful prosecution of Defendant's motion to compel. Plaintiff filed Plaintiff's Declaration In Opposition To Defendants' Request For Attorneys Fees Pursuant to FRCP 37(a)(5)(A) on September 11, 2023 (Dkt. 78) ("Plaintiff's Opposition"); Defendants filed Defendants' Declaration In Further Support of Defendants' Application For Fees Pursuant to FRCP

4

37(a)(5)(A) on September 22, 2023 (Dkt. 81) ("Defendants' Reply").  Oral argument was

deemed unnecessary.

"[I]n determining a fee award, the typical [starting] point is the so-called lodestar

amount, that is 'the number of hours reasonably expended on the litigation multiplied by

a reasonable hourly rate.'"  *New York v. Grand River Enterprises Six Nations, Ltd.*, 2021

WL 4958653, at *2 (W.D.N.Y. Oct. 26, 2021) (quoting *Healy v. Leavitt*, 485 F.3d 63, 71

(2d Cir. 2007) (quoting *Hensely v. Eckerhart*, 461 U.S. 424, 433 (1983)).  "In calculating

the lodestar amount, the initial burden is on the requesting party to submit evidence

supporting the number of hours worked and the hourly rate claimed."  *Grand River*

*Enterprises Six Nations, Ltd.*, 2021 WL 4958653, at *2 (citing *Hensely*, 461 U.S. at 433).

Here, Defendants claim Defendants' attorneys incurred 28.5 hours researching,

drafting and revising Defendants' motion, 25.2 hours researching, drafting, and revising

Defendants' Reply, and 4.9 hours in researching, drafting and revising Defendants'

response to Plaintiff's May 15, 2023 Letter to the court (Dkt. 63) requesting

reconsideration of the January 13, 2023 D&O in response to the April 25, 2023 OTSC,

for a total of 58.6 hours of legal work in connection with preparation and support for

Defendants' motion.  However, as the Plaintiff has no objection to Defendants'

requested billing rate of $200 for Peter Wiltenburg,[2] the attorney primarily responsible

for preparing Defendants' motion, the court considers Plaintiff's objection to all but 10-

15 hours of the 58.6 hours for which attorneys fees are sought by Defendants pursuant

to Rule 37(a)(5)(A).  *See* Plaintiff's Opposition (Dkt. 78) ¶¶ 1-2.  In opposition to the 58.6

hours asserted by Defendants for a basis upon which to calculate the lodestar-based

---

[2]  Plaintiff's lack of opposition to the $230 hourly billing rate for 3.3 hours expended by Mr. Wiltenburg's co-counsel, Mark A. Moldenhauer, Esq., supports finding that  Plaintiff also has no objection to Mr. Moldenhauer's billing rate.

fee award, Plaintiff addresses several arguments including that said hours are unreasonable in that Defendants' motion sought discovery having "no consequence to the merits of the liability portion of this [Plaintiff's] case and only relates tangentially to Plaintiff's economic-damages," Dkt. 78 ¶ 6, that Defendants' hours are "inflated," as they seek compensation for time which the court previously awarded Defendants' fees pursuant to Rule 37(a)(5)(B) in connection with Defendants' successful opposition to Plaintiff's motion to compel as awarded in the court's January 13, 2023 and April 25, 2023 D&O (Dkt. 58) (Plaintiff's Opposition Dkt. 78) ¶ 2.  Plaintiff further asserts Defendants seek compensation for time expended in seeking an order compelling Plaintiff's deposition in this district rather than in the Southern District, where Plaintiff resides and for which Defendants were compensated by the court's finding Defendants had successfully opposed Plaintiff's motion for a protective order.  *See* July 27, 2023 D&O (Dkt. 70) at 10; *Mills*, 2023 WL 4781904, at *4; (Dkt. 78 ¶ 8).  Finally, Plaintiff contends many of the documents Defendants' motion sought were not in Plaintiff's possession thus rendering Defendants' motion unwarranted.  Dkt. 78 ¶ 7.  There is no merit in any of Plaintiff's contentions.

First, Plaintiff's argument that Defendants' motion sought discovery of little consequence to the merits of the lawsuit is unsupported by the record as it in effect raises an objection based on lack of proportionality to the needs of the case.  *See* Fed.R.Civ.P. 26(b)(1) (requiring that all discovery requests must be relevant and proportional to the needs of the case based on several factors, as relevant, "the importance of the discovery in resolving the issues.")  Here, however, Plaintiff failed to object to Defendants' discovery requests on this ground, *see Mills*, 2023 WL 4781904,

at *3 (July 27, 2023 D&O at 8) noting that Plaintiff failed to object to Defendants'

discovery requests on grounds of lack of proportionality) and, accordingly, such

objection was waived.  *See Basso v. New York University*, 2018 WL 11219444, at *4

(S.D.N.Y. May 21, 2018) (finding defendant's continuous production of discovery waived

eventual objection to such discovery requests as disproportionate to the case).  Second,

neither did Plaintiff assert in response to any of Defendants' document production

requests that Plaintiff lacked possession of responsive documents, a fact Plaintiff did

not dispute in response to Defendants' motion.  *See Mills*, 2023 WL 179579, at *3

(noting that Plaintiff failed to object to Defendants' document requests Nos. 13, 17, and

20 or state that Plaintiff was not in possession of the requested documents (citing Dkt.

43 (*passim*)).  Third, as to Plaintiff's contention that Defendants seek a "double-dip" in

requesting reimbursement for any time in support of the court's order directing Plaintiff

to appear for deposition in this district, having been compensated for Defendants'

successful opposition to Plaintiff's request for a protective order requesting the

deposition in the Southern District *see* January 13, 2023 D&O at 10-11; *Mills*, 2023 WL

179579, at *4, April 25, 2023 D&O at 8, Plaintiff's contention is a *non-sequitur.*

Specifically, Plaintiff's contention lacks any basis in fact or logic, given the fact that the

time incurred in support of Defendants' motion, filed September 27 2022 (Dkt. 38), on

this issue preceded by approximately one-month the filing of Plaintiff's motion on

October 20, 2022 (Dkt. 42).  Thus, compensating Defendants for counsel's time

incurred in connection with Defendants' successful prosecution of Defendants' motion

specifically pertaining to compelling Plaintiff's deposition in this district does not

constitute a "double dip" for counsel's time incurred in opposing Plaintiff's later request

for a protective order seeking the Southern District as the place of Plaintiff's deposition.

Similarly, the fact that Defendants subsequently agreed to conduct such deposition in

the Southern District, Plaintiff's Opposition ¶ 2, does not "moot" the fact that Defendants

were required to seek judicial intervention on this issue nearly a year prior to

Defendants' agreement to obviate the issue in light of Plaintiff's subsequent physicians'

notes.  *See* Defendants' Reply, Dkt. 81, ¶ 13.  Additionally, Defendants maintain that

the amount of detail required to fully brief the issues raised by Defendants' motion was

unnecessarily increased by Plaintiff's counsel's failure to engage in good faith

discussions with Defendants' counsel which conceivably could have limited the need for

such details.  *See* Defendants' Reply, Dkt. 81, at 3-4 (noting that after August 12, 2022,

Plaintiff's attorney failed to respond to Mr. Wiltenburg's communications regarding

Defendants' requested discovery that were raised in Defendants' motion (referencing

Dkt. 38-1 ¶¶ 29-31)).  As a result of Plaintiff's counsel's failure to reasonably engage

with Defendants' counsel, Defendants' motion required Defendants' counsel to spend

significant time laying out the history of these communications and the procedural

history of the case to explain why Plaintiff's responses to Defendants' interrogatories

and document production demands were insufficient.  Dkt. 81 at 4.  Plaintiff did not

respond to Defendants' contention.  Nor is there any merit to Plaintiff's assertion that

Defendants' discovery requests were inconsequential, Plaintiff's Opposition, Dkt. 78, ¶

6, as such requests included a demand for witness statements highly relevant to

Defendants' liability as well as Plaintiff's large demand for $16 million in damages.[3]

Additionally, a careful perusal of the Defendants' billing records and summary of

---

[3]  *See* Wiltenburg Declaration (Dkt. 38-1 ¶ 5) (referencing Plaintiff's Second Supplemental [Rule 26(a)] Disclosures at 4 (Plaintiff claims $6 million in compensatory and $9 million in punitive damages).

Defendants' counsels' hours expended in support of Defendants' motion, *see* Exhibits A

(Dkt. 71-1) and B (Dkt. 71-2), indicates no duplication of time or undue vagueness in the

entries requiring the court to reduce such hours as 'fat-trimming." *Cf. New York State*

*Association for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1147 (2d Cir. 1993)

(holding courts have discretion to assess percentage-based cuts to attorneys' claimed

hours as a practical means of "trimming fat" from an application for attorneys fees).

There being no merit in any of Plaintiff's objections to Defendants' application, the court

finds, on the basis of the foregoing, Defendants' requested time of 58.6 hours, incurred

in connection with Defendants' successful prosecution of Defendants' motion, to be

entirely reasonable in these circumstances.  Accordingly, Defendants' fee application is

GRANTED as follows:

> Peter  Wiltenburg:  55.3 hours @ $200/hour = $11,060.00
>
> Mark Moldenhauer: 3.3 hours @ $230/hour = $759.00
>
> Total hours:  58.6
>
> Total Expenses:  $11,819.00

"[U]nder FRCP 37(a), the court can hold either the party or its counsel, or both,

liable."  *AAlpharma Inc. v. Kremers Urban Development Co.,* 2006 WL 3096026, at *6

(S.D.N.Y. Oct. 31, 2006) (citing cases).  Whether to hold the offending party, its legal

counsel or both for payment of monetary sanctions under Rule 37(a) is a decision with

the court's discretion.  *Joint Stock Company Channel One Russia Worldwide v. Informir*

*LLC*, 2017 WL 3671036, at *20 (S.D.N.Y. July 18, 2017) (citing *AAlpharma Inc.*, 2006

WL 3096026, at *6)).  Here, Plaintiff has submitted an affidavit claiming he is indigent

and therefore unable to pay any portion of a Rule 37(a)(5)(A) award the court may

impose. *See* Dkt. 78-1. Further, the Plaintiff has once again failed to provide any information regarding the allocation of responsibility for the need for Defendants' motion as required by Rule 37(a)(5)(A). The court notes that in its July 27, 2023 D&O, the court found that in the absence of anything shown by Plaintiff to the contrary, the expenses, including attorneys fees thereby awarded, should also be split equally between Plaintiff and Plaintiff's counsel. *See Mills*, 2023 WL 4781904, at *4.

## CONCLUSION

Based on the foregoing, Defendants' application (Dkt. 71) for $11,819 pursuant to Rule 37(a)(5)(A) incurred in connection with Defendants' motion (Dkt. 38) is GRANTED. Plaintiff and Plaintiff's counsel each shall pay Defendants' such expenses in the amount of $11,819 ÷ 2 = $5,909.50 within 30 days. Payment of Plaintiff's portion is deferred until 30 days from such time Plaintiff may recover any damages upon trial or upon any potential settlement of the instant case. *See Hop-Wah v. Coughlin*, 1989 WL 138907, at *4 (W.D.N.Y. Nov. 14, 1989) (deferring payment of sanctions of 10% of defendant's attorneys fees by indigent party until receiving an award of damages after trial). Should Plaintiff fail to receive any such compensation, Plaintiff shall remain individually responsible for Plaintiff's share of the fee awarded to Defendants as stated above.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates: October 17, 2023
        Buffalo, New York