UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RUDOLPH MILLS,                                                    **DECISION**
                                                                  **and**
                                  Plaintiff,                      **ORDER**

            v.
                                                                  **19-CV-1178WMS(F)**
STEUBEN FOODS, INCORPORATED,
ERIC PETERSON,
ANDREA SCANZUSO,
KENNETH STANLEY,
JOSEPH RENALDO,
JOHN CAVAR,
DEBRA GORSKI,


                                  Defendants.
_____

APPEARANCES:              SEAMUS P. BARRETT, ESQ.
                          Attorney for Plaintiff
                          45 Broadway, Suite 430
                          New York, New York   10006

                          DEREK SMITH LAW GROUP PLLC
                          Attorneys for Plaintiff
                          ZACHARY HOLZBERG, of Counsel
                          1 Penn Plaza, Suite 4905
                          New York, New York   10119

                          BOND, SCHOENECK & KING, PLLC
                          Attorneys for Defendants
                          ADAM P. MASTROLEO,
                          MARK A. MOLDENHAUER,
                          PETER H. WILTENBURG, of Counsel
                          200 Delaware Avenue, Suite 900
                          Buffalo, New York   14202


        In this action alleging employment discrimination based on Plaintiff race, by

papers filed January 19, 2024, Defendants move, pursuant to Fed.R.Civ.P. 16(f)(1)(C),

26(a)(2)(A), (D), 37(c)(1)(C) and the court's inherent power, for an order striking the

expert report of Mark D. Lerner, PhD. ("Dr. Lerner") dated December 10, 2023, which

was served by Plaintiff on Defendants on January 2, 2024, precluding Dr. Lerner's

testimony at trial, and awarding Defendants' expenses incurred in connection with the

instant motion.  Alternatively, Defendants request the court award Defendants'

expenses which may be incurred to counter Dr. Lerner's opinions, including any costs

Defendants incur in connection with taking Dr. Lerner's deposition ("Defendants Motion

To Strike and Preclude") (Dkt. 97).  Plaintiff opposes Defendants' Motion To Strike and

Preclude.  *See* Plaintiff's Memorandum of Law and Declaration of Seamus P. Barrett,

Esq. ("Barrett") filed March 11, 2024 (Dkt. 116) ("Plaintiff's Opposition").

Specifically, Defendants contend that Plaintiff, in compliance with the first

Scheduling Order (Dkt. 32), which required, *inter alia*, Plaintiff to serve Defendants, by

June 15, 2022, with the identity of any testifying experts and, as required by

Fed.R.Civ.P. 26(a)(2)(B)(i-iv) (requiring disclosure of the facts considered by the expert,

the basis of the expert's opinions, and the witness's qualifications) ("Rule 26(a)(2)(B)") a

copy of such expert's report, on June 15, 2022, served, by e-mail, Defendants with a

notice identifying as Plaintiff's expert Dr. Gladys Frankel, Ph.D ("Dr. Frankel"),

Declaration of Peter H. Wiltenburg, Esq., In Support of Defendants' Motion To Strike

Expert Report, Preclude Expert Testimony, and For Related Sanctions, (Dkt. 97-1)

("Wiltenburg Declaration") ¶¶ 4, 8.  Such notice did not include a report by Dr. Frankel

as required by Rule 26(a)(2)(B)(i)-(iv).  *Id.* ¶ 9.  On July 6, 2022, the court, in response

to the parties' joint motion (Dkt. 35), entered a First Amended Scheduling Order which,

*inter alia*, required Plaintiff to identify by September 16, 2022, any testifying experts and

provide a report in accordance with Rule 26(a)(2)(B).  *Id.* ¶ 11 (citing (Dkt. 37) ¶ 3.

Plaintiff failed to provide the required expert disclosures by the September 16, 2022

deadline for such disclosure. *Id.* ¶ 12. Defendants served Defendants' expert

disclosures on October 28, 2022, the date established by the First Amended Scheduling

Order. *Id.* ¶ 14. Because the First Amended Scheduling Order also established that

fact discovery was to conclude November 18, 2022, *see* (Dkt. 37) ¶ 2, and given that

the court resolved Defendants' motion to compel, filed September 27, 2022 and

Plaintiff's motion to compel filed October 17, 2022, in a Decision and Order filed

January 13, 2023 (Dkt. 49) and that the expected deadline for the conclusion of fact

discovery of November 18, 2023 had passed, the court requested the parties submit an

amended scheduling order scheduling the case to trial. *Id.* ¶ 15. In accordance with the

Court's request, thereafter, without receiving any response from Plaintiff despite

Defendants' requests for such a response to Defendants proposed order, Defendants

submitted to the court a proposed Second Amended Scheduling Order which proposed

order did not include any new deadlines for Rule 26(a)(2)(B) disclosures as the dates

for such disclosures had passed on September 16, 2022 for Plaintiff and October 28,

2022 for Defendants. *Id.* ¶ 16. Accordingly, on January 30, 2023, the court entered a

Second Amended Scheduling Order which included no new deadlines for any required

expert disclosures and setting a new discovery deadline of May 31, 2023 with motions

to compel due April 28, 2023, and August 31, 2023 for dispositive motions. *Id.* ¶ 20

(citing Dkt. 51). Plaintiff raised no objection to the Second Amended Scheduling Order

between January 23, 2023 when Defendants filed the proposed order and January 30,

2023 when the court entered the Second Amended Scheduling Order. *Id.* ¶ 21. On

April 28, July 20, September 29 and November 3, 2023, the court issued, with the

consent of both parties, Third, Fourth, Fifth, and Sixth Amended Scheduling Orders

without any new cut-off dates for Plaintiff's Rule 26(a)(2)(B) experts.  *Id.* ¶ 22.  The Sixth

Amended Scheduling Order remains in effect and requires discovery to be completed

by January 2, 2024 with dispositive motions due April 30, 2024.  *Id.*(Dkt. 90) ¶ 23.

At 3:22 p.m. on January 2, 2024, Plaintiff e-mailed Defendants a copy of a

Confidential Psychological Report prepared by Dr. Lerner who was also expected to

testify concerning Plaintiff's alleged psychological and emotional distress Plaintiff

suffered as a result of the alleged discriminatory conduct of Defendants.  *Id.* ¶ 28.

According to the report, Dr. Lerner examined Plaintiff on December 9, 2023 and issued

the report on December 10, 2023.  *Id.* ¶ 25.  In addition to Defendants' belief that Dr.

Lerner's report is barred by reason of extreme lateness, Defendants assert it fails to list

all publications by Dr. Lerner for the prior 10-years and all cases in which he had

testified within the past four years as required by Rule 26(a)(2)(B)(iv) and (v).  *Id.* ¶ 27.

On January 3, 2024, Defendants e-mailed Plaintiff's counsel requesting Plaintiff

withdraw Dr. Lerner's report for lateness and its failure to comply with Rule

26(a)(2)(B)(iv) and (v) and advised Plaintiff that Plaintiff's failure to do so would result in

Defendants' motion to strike and preclude and for expenses.  *Id.* ¶ 28.  Having received

no response from Plaintiff's counsel to Defendants' January 3, 2024 e-mail, Defendants

again, on January 9, 2024, requested Plaintiff's attorney withdraw Dr. Lerner as

requested in the January 3, 2024 e-mail, however, Plaintiff's counsel, Barrett, again

failed to respond.  *Id.* ¶ 29.  Defendants' instant motion followed.  Oral argument was

deemed unnecessary.

Plaintiff's opposition is based on Plaintiff's assertion that a dispute between

Derek Smith Law Group and Dr. Frankel which "resulted in [a] delay of production of the

expert report" does not warrant striking Dr. Lerner's report and preclusion.  Declaration

of Seamus P. Barrett, Esq. In Opposition To Defendants' Motion To Strike Expert

Report (Dkt. 116) at 1 ("Barrett Declaration").  Although Plaintiff asserts that the late

disclosure of Dr. Lerner's Report Was "due to circumstance beyond the control of

Plaintiff," Barrett Declaration (Dkt. 116) at 2, Plaintiff's assertions fails to provide any

explanation as to why such dispute excused Plaintiff's failure to comply with the

deadline of September 16, 2022 for expert disclosures pursuant to Rule 26(a)(2)(B)

established by the Second Amended Scheduling Order.  In fact, Barrett's Declaration

appears to ignore that such a deadline established by the Second Amended Scheduling

Order even existed.  Specifically, according to Barrett, it was necessary to engage Mr.

Lerner as a substitute for Dr. Frankel in December 2023 "as the discovery deadline in

this case began to approach."  Barrett Declaration (Dkt. 116) at 3 (underlining added).[1]

Barrett further avers that "we [the Derek Smith Law Group] anticipated Dr. Frankel

would be Mr. Mill's [*sic*], discovery was on-going, and we did not know . . . that Dr.

Frankel would no longer cooperate with any firm for the foreseeable future when the

close of discovery approached late last year and earlier this year."  *Id.* (Dkt. 116) at 3.

Such assertions reflect a confusion regarding the difference between expert disclosure

required by Rule 26(a)(2)(B) and general fact discovery pursuant to Fed.R.Civ.P.

26(b)(1) ("Rule 26(b)(1)").  As required by Fed.R.Civ.P. 16(b)(3)(B)(i) and (ii), the first

Scheduling Order established dates for conclusion of fact discovery and expert

disclosures as did the First Amended Scheduling Order specifically setting September

16, 2022 as the date for Plaintiff's expert disclosure and November 18, 2022 for

---

[1]  Unless indicated otherwise all underlining is added.

completion of all fact discovery.  *See* Dkt. 37.  Thus, Plaintiff's association of the

required expert disclosure date with the January 3, 2024 deadline for all discovery

established by the Sixth Amended Scheduling Order, *see* Barrett Declaration at 3,

erroneously conflates the two entirely differing requirements.

Pursuant to Fed.R.Civ.P. 26(a)(1)(D) expert disclosures required by Rule

26(a)(1)(B) are to be made at a time and in the sequence that the court orders.  A

failure to conform to a scheduling order entered pursuant to Fed.R.Civ.P. 16(b) may be

sanctioned by a court order pursuant to Rule 37(b)(2)(A)(ii)-(vii).  *See* Fed.R.Civ.P.

16(f)(1)(C).  Further, under Fed.R.Civ.P. 37(c)(1), if a party fails to provide information

or identify an expert witness as required by Rule 26(a)(1)(B) the party is "not allowed to

use that information or witness to supply evidence on a motion, at a hearing or at a trial,

unless the failure was substantially justified or is harmless."  *See Scharrer v. United*

*States,* 2016 WL 3547933, at *1 (W.D.N.Y. June 30, 2016) ("Failure to timely serve

such [expert] reports requires the reports be stricken and the related expert's trial

testimony precluded unless the failure was substantially justified or is harmless.") (citing

Fed.R.Civ.P. 37(c)).  Additionally, "[a] party who fails to identify a witness as required by

Rule 26 is not allowed to present that witness at trial unless the failure 'was substantially

justified or is harmless.'"  *Paulus v. Holimont, Inc.*, 315 F.R.D. 13, 17 (W.D.N.Y. 2016)

(quoting Rule 37(c)(1)).  "The purpose of the . . . [Rule 37(c)] is to prevent the practice

of 'sandbagging' an adversary with new evidence."  *Peerless Network, Inc. v. AT&T*

*Corp.*, 2022 WL 3700141, at *4 (S.D.N.Y. Aug. 26, 2022) (citing *Ventra v. United States,*

121 F.Supp.2d 326, 332 (S.D.N.Y. 2000)).

Under Rule 37(c) "[s]ubstantial justification means justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request."  *Paulus*, 315 F.R.D. at 17 (citing *Kunstler v. City of New York,* 242 F.R.D. 261, 164-65 (S.D.N.Y. 2007)).  "Harmlessness means an absence of prejudice."  *Id.* (citing *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. V. Coventry First LLC,* 280 F.R.D. 147, 159 (S.D.N.Y. 2012)).  "The party that failed to comply with its discovery obligations bears the burden of proving that its failure was both substantially justified."  *Id.* (citing *Coene v. 3M Co.*, 303 F.R.D. 32, 44 (W.D.N.Y. 2014)).  "Where a party has failed to comply with a court-imposed deadline for expert disclosures and then seeks to avoid preclusion, courts consider (1) the reason for the non-compliance, (2) the importance of the witness to be precluded, (3) prejudice to the opposing party, and (4) any potential for continuance."  *Scharrer*, 2016 WL 3547933, at *2 (citing *Softel, Inc. v. Dragon Med. & Scientific Communications, Inc.*, 118 F3d 955, 961 (2d Cir. 1997) (district court did not abuse its discretion in precluding plaintiff's expert testimony based on plaintiff's six-month unexcused delay in making required expert disclosure).[2]  *See also Paulus*, 315 F.R.D. at 18 (precluding expert witness testimony based on the four *Softel* factors).

Here, applying the four *Softel* factors requires Defendants' motion be granted. First, Plaintiff's reason for non-compliance, Plaintiff's counsel's dispute with Dr. Frankel*,* the expert identified by Plaintiff in Barrett's June 16, 2022 e-mail to Defendants, Wiltenburg Declaration (Dkt. 97-1) ¶ 8, fails to explain why Plaintiff's counsel failed to

---

[2]  Discussing the four factors articulated in *Outley v. City of New York*, 837 F.2d 587, 590-91 (2d Cir. 1988) necessary to establish a party's failure to timely provide expert disclosures was "justified" so as to avoid a motion to strike and preclude.

secure a different psychological expert, presumably Dr. Lerner, prior to the September

16, 2022 deadline for Rule 26(b)(2) expert disclosure as stated by the First Amended

Scheduling Order (Dkt. 37) filed on July 7, 2022, in response to the parties July 6, 2022

joint motion requesting such a modification.  *Id.* ¶¶ 10, 11.  In particular, Plaintiff fails to

provide any rationale for Plaintiff's counsel's failure to acknowledge that the problem

with Dr. Frankel would create a potential for non-compliance with the September 16,

2022 disclosure date before the 15-month interlude following September 16, 2022.  Nor

does Plaintiff provide any explanation as to why Plaintiff made no effort to request the

court grant a further modification of the First Amended Scheduling Order to enlarge the

period of time for such expert disclosure.  Moreover, Plaintiff's explanation, *see, supra*,

at 5-6, erroneously conflates the concept of Rule 26(a)(1)(B)'s expert disclosure

requirement with the required Rule 16(b) cut-off date for fact discovery taken pursuant

to Rule 26(b)(1).  *Harrison v. Inc. Vill. of Freeport*, 498 F.Supp.3d 378, 386 (E.D.N.Y.

2020) ("The failure to disclose an individual as an expert witness until after the close of

discovery "subverts the purpose of mandatory disclosures and undoubtedly prejudices

[an] opponent.") (quoting *Williams v. Bethel Springvale Nurson Home, Inc.*, No 14-CV-

9383 (NSR), 2018 WL 1662644, at *5 (S.D.N.Y. Apr. 5, 2018); and *Rivera v. United

Parcel Serv.*, 325 F.R.D. 542, 548 (S.D.N.Y. 2018)).  In short, there is no substantial

justification for Plaintiff's unexcused failure to comply with the September 22, 2022 cut-

off date as set forth in the First Amended Scheduling Order.

Moreover, Plaintiff's delay is not harmless as failing to strike Dr. Lerner's report

and preclude his expert testimony would necessitate granting Defendants an

opportunity to secure a rebuttal expert who would need to interview Plaintiff thereby

further prolonging the trial or summary judgment practice in a case that has already

grown 'long in the tooth,' *i.e.*, seven years since Plaintiff's termination and five years

since the case was commenced, thus supporting Defendants would be prejudiced by

any further delay.  As such, Plaintiff has failed to meet his burden with regard to the first

*Softel* factor.  As to the second *Softel* factor, the importance of the witness to be

precluded, again the record points in favor of Defendants' motion.  Specifically, Dr.

Lerner's testimony would be limited to the question of Plaintiff's damages, not

Defendants' liability, and, as such, is not critical to Plaintiff's case.  Moreover, Plaintiff's

treating physician and psychotherapist, *see* Wiltenburg Declaration (Dkt. 91-1) ¶ 7

(stating that Plaintiff served, on March 7, 2022, Plaintiff's Second Supplement

Disclosures identifying Dr. Harold Abellard, M.D., as Plaintiff's treating physician, and

Ashley Arvelo, L.M.S.W., as Plaintiff's treating psychotherapist as fact witnesses, along

with Plaintiff himself, would be permitted to testify as fact witnesses about Plaintiff's

emotional distress stemming from Defendant's alleged discriminatory misconduct.  *See*

*Scharrer*, 2016 WL 3547933, at *2 (the court precluded plaintiff's late-disclosed, by six-

months, expert who would have testified only as to plaintiff's damages).  *See Lidle v.*

*Cirrus Design Corp.*, 2009 WL 4907201, at *7 (S.D.N.Y. Dec. 18, 2009) (finding the

second *Softel* factor weighed in favor of granting motion striking belatedly served expert

report where the report's importance to the cause of the crash was "questionable" at

best).  Thus, Plaintiff has failed to meet his burden with respect to the second *Softel*

factor.

As regards to the third *Softel* factor, prejudice to Defendants, absent preclusion,

the Defendants will be severely prejudiced by having the jury hear unrebutted expert

testimony that Defendants' racial slurs caused Plaintiff to suffer emotional distress. *See Damato v. City of New York*, 2008 WL 5560883, at *2 (S.D.N.Y. June 13, 2008) (plaintiff would be prejudiced if defendant's belatedly disclosed expert testimony is allowed for lack of opportunity to depose such expert and need to obtain rebuttal expert). Further, Plaintiff should not be rewarded for having 'sandbagged' Defendants with Plaintiff's extraordinary late expert disclosure. *See Paulus*, 315 F.R.D. at *18 ("Rule 37(c)(1) is designed 'to prevent the practice of 'sandbagging' an adversary with new evidence'" . . . yet, allowing for plaintiffs to present this eleventh hour expert witness would be exactly that—sandbagging . . . [which] would fly in the face of the purpose of Fed.R.Civ.P. 26(a)(2).") (internal citations omitted). *See Sportvision, Inc. v. MLB Advanced Media, LP,* 2023 WL 8098780, at *4 (S.D.N.Y. Nov. 21, 2023) (finding third *Softel* factor weighed in favor of preclusion where the plaintiff, in a patent infringement case, had already filed its claim construction brief without the benefit of the defendant's expert report). Here, again, Plaintiff fails to meet his burden as to the third *Softel* factor.

As to a potential continuance, the fourth *Softel* factor, courts have rejected similar requests. *See Wolak v. Spucci*, 217 F.3d 157, 161 (2d Cir. 2000) (affirming the district court did not abuse its discretion pursuant to *Softel*, in precluding the plaintiff's "last minute" psychiatric expert from testifying) ("Even if requested, however, a continuance would have come at the expense of trial efficiency."); *Softel*, 118 F.3d at 962-63 (noting that granting a continuance to plaintiff would necessitate granting additional time to defendant to prepare rebuttal expert opinion thereby creating potential for "scheduling chaos" created by such "deadline slippage"); *Mobius v. Quest Diagnostics Clinical Lab'ys, Inc.*, 687 F. Supp. 3d 357, 370–71 (W.D.N.Y. 2023) (concluding a continuance

was "not in the best interests of this litigation" where the action was pending for five

years, and the time for additional steps in the case if a continuance was granted,

including the need for the defendant to redepose a witness, would result in a "significant

delay" in the adjudication of the dispute on the merits); *Paulus v. Holimont, Inc.*, 315

F.R.D. 13, 18 (W.D.N.Y. 2016) (striking plaintiff's expert report and precluding expert

from testifying where accident occurred seven years earlier, case was filed 3 ½ years

earlier, and fact discovery ended 2 ½ years earlier); *Scharrer,* 2016 WL 3547933, at *2

("Finally, while no trial date has been set [in this case], the potential availability of an

extension of time in this case [within which to conduct further expert discover] collides

with the Plaintiff's utter failure to explain the reason for Plaintiff's six-month delay in

making timely expert disclosure, effectively asking the court to ignore an apparent

egregious disregard of the Third Amended Scheduling Order.").  Finally, Plaintiff also

failed to establish good cause required by Rule 16(b), for excusable neglect, as required

by Fed.R.Civ.P. 6(b)(1)(B) for an amendment to the First Amended Scheduling Order

permitting a later date for expert disclosure.  Plaintiff therefore fails to meet his burden

as to the fourth *Softel* factor.

Defendants also request the court, pursuant to Rule 37(c)(1)(A), award

Defendants' expenses in connection with taking Dr. Lerner's deposition, or alternatively,

pursuant to Rule 16(f) or Rule 37(c)(1)(A), Defendants' expenses incurred in connection

with bringing the instant motion.  (Dkt. 97-9) at 14-19.  Plaintiff's response is limited to

opposing Defendants' request for expenses in taking Dr. Lerner's deposition.  *See*

Barrett Declaration (Dkt. 116) at 8-9.  As the court has determined that Defendants'

motion to strike Dr. Lerner's report and to preclude Dr. Lerner's testimony should be

granted, Defendants' request for expenses in connection with any future deposition of

Dr. Lerner is moot.  However, based on the court's finding that under the *Softel* factors,

Defendants' motion to strike and preclude should be granted, the court turns to whether

Defendants' request for expenses incurred in connection with the instant motion should

also be granted.

Under Rule 16(f)(1)(C) & (2), the court is required to order the party or the party's

attorney or both to pay the reasonable expenses, including attorneys fees incurred by

the opposing party because of any noncompliance with this Rule, including the party's

failure to obey a pretrial scheduling order, unless the party's non-compliance was

substantially justified or other circumstances make such award unjust.  Rule 37(c)(1)(A)

allows the court to order payment of an opposing party's reasonable expenses including

attorneys fees caused by a party's failure to comply with Rule 26(a)(1)(B) disclosure

requirements.  Such award includes a motion to strike and preclude such as the

Defendants' motion.  *See Peerless Network, Inc.*, 2022 WL 3700141, at \*6 (S.D.N.Y.

Aug. 26, 2022) (ordering party in violation of Rule 26(a)(1)(B) to pay opponent's

reasonable attorneys fees and costs incurred in preparing motions to strike late expert

report); *S.E.C. v. Ripple Labs, Inc.*, at \*2 (S.D.N.Y. Apr. 19, 2022) (requiring plaintiff to

pay defendant's costs associated with defendant's motion to strike where court found

plaintiff had improperly filed a supplemental expert report); *Pichardo v. C.R. Bard, Inc.*,

2015 WL 13784565, at \*3 (S.D.N.Y. 2022) (ordering attorney to reimburse opponent's

expenses incurred in making motion to strike under Rule 16(f) where non-moving

attorney submitted expert report more than two and one-half months past scheduling

order deadline).  In light of  Plaintiff's counsel's failure to comply with the First Amended

Scheduling Order in respect to required disclosure of a testifying expert in this case or

to timely seek a modification thereof, it bears repeating as one court artfully stated that

a Rule 16(b) scheduling order "'is not a frivolous piece of paper, idly entered, which can

be cavalierly disregarded by counsel without peril.'" *United Realty Advisors v.*

*Verschleiser*, 2017 WL 11568374, at *2 (S.D.N.Y. Jan. 18, 2017) (quoting *Hnot v. Willis*

*Grp. Holdings Ltd.*, 2006 WL 2381869, at *3 (S.D.N.Y. Aug. 17, 2006) (internal citation

omitted).  Expenses awarded pursuant to Rule 37(c)(1) may be imposed only against a

party.  *See Apex Oil Co. v. Belcher Co. of New York, Inc.*, 855 F.2d 1009, 1014 (2d Cir.

1988) (citing Fed.R.Civ.P. 37(c) advisory committee's note to 1970 amendment and

authorities).  Thus, based on a fair reading of the record, it appears to the court that

responsibility for the late service of Dr. Lerner's report is solely attributable to Plaintiff's

counsel's complete disregard of the First Amended Scheduling Order's September 22,

2022 deadline for service of Plaintiff's expert report, such responsibility should be

assigned to Plaintiff's counsel, Seamus P. Barrett, Esq. and the Derek Smith Law

Group, PLLC, and not Plaintiff, should the court award Defendants' attorneys fees

incurred in making the instant motion pursuant to Rule 16(f)(1)(C).


## CONCLUSION

Based on the foregoing, Defendants' Motion to Strike and Preclude (Dkt. 97) is

GRANTED; Plaintiff's counsel shall show cause not later than 20 days from this

Decision and Order as to why Defendants' expenses, including attorneys fees, incurred

in connection with Defendants' motion, should not be awarded against Plaintiff's

counsel, Seamus P. Barrett, Esq., and the Derek Smith Law Group, PLLC, jointly and

severally; Defendants' response shall be filed <u>within</u> <u>10</u> <u>days</u> thereafter; Plaintiff's

counsel's reply, if any, shall be filed <u>within</u> <u>5</u> <u>days</u>; oral argument shall be at the

discretion of the court.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  September 18, 2024
        Buffalo, New York


Any appeal of this Decision and Order must be taken by filing written objection with the Clerk of Court **not later than 14 days** after service of this Decision and Order in accordance with Fed.R.Civ.P. 72(a).