UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | | |
|---|---|---|
| RUDOLPH MILLS,<br><br>                      Plaintiff,<br><br>  v.<br><br>STEUBEN FOODS, INCORPORATED,<br>ERIC PETERSON,<br>ANDREA SCANZUSO,<br>KENNETH STANLEY,<br>JOSEPH RENALDO,<br>JOHN CAVAR, and<br>DEBRA GORSKI,<br><br>                      Defendants. | | **DECISION**<br>and<br>**ORDER**<br><br>**19-CV-1178-WMS-LGF** |

_____

APPEARANCES:        RUDOLF MILLS, *Pro se*
                                PO. Box 834
                                Bronx, New York  10455

                                BOND, SCHOENECK & KING, PLLC
                                Attorneys for Defendants
                                ADAM P. MASTROLEO, of Counsel
                                One Lincoln Center
                                110 West Lafayette Street
                                Suite 1800
                                Syracuse, New York  13202-1356
                                           and
                                MARK A. MOLDENHAUER,
                                PETER H. WILTENBURG, of Counsel
                                Avant Building
                                200 Delaware Avenue
                                Suite 900
                                Buffalo, New York   14202

In this action alleging employment discrimination based on Plaintiff's race, the court, in a September 18, 2024 Decision and Order (Dkt. 145) ("September 18, 2024 D&O"), granted Defendants' motion filed January 19, 2024 (Dkt. 97) seeking pursuant to

Fed.R.Civ.P. 16(f)(1)(C), 26(a)(2)(A), (D), and 37(c)(1)(C), to strike Plaintiff's expert report and preclude Plaintiff's expert testimony ("Defendants' motion"), as untimely filed and directed Plaintiff's then counsel, Seamus P. Barrett, Esq. ("Barrett"), and the Derek Smith Law Group, PLLC ("Derek Smith") (together, "Plaintiff's counsel"),[1] to show cause why Defendants' expenses incurred in successfully litigating Defendants' motion should not be granted pursuant to Fed.R.Civ.P. 16(f)(1)(C) ("Rule 16(f)(1)(C)").  *See Mills v. Steuben Foods Incorporated,* 2024 WL 4223647, at **4-5 (W.D.N.Y. Sept. 18, 2024); September 18, 2024 D&O at 11-13).  Defendants' motion sought to strike the report of Plaintiff's expert, Mark D. Lerner, Ph.D. ("Dr. Lerner"), dated December 10, 2023 ("Dr. Lerner's report"), which was served on Defendants on January 2, 2024, and to preclude Dr. Lerner from testifying at trial, and monetary sanctions for costs incurred, including attorney fees, in connection with Defendants' motion or, alternatively, permitting Defendants to take Dr. Lerner's deposition and an award of the costs of such deposition.

Defendants' motion was based on the fact that Plaintiff's disclosure of Dr. Lerner as Plaintiff's expert and Dr. Lerner's report on January 2, 2024, was well beyond the September 16, 2022, deadline for Plaintiff's expert disclosure set by the First Amended Scheduling Order (Dkt. 37) ("First Amended SO") ¶ 3, filed July 7, 2022.  Defendants further asserted that Plaintiff had previously, on June 15, 2022, timely identified one Gladys Frankel, Ph.D. ("Dr. Frankel") as Plaintiff's expert, but never provided any report

---

[1] In a separate Decision and Order filed September 18, 2024 (Dkt. 141), the undersigned granted a motion filed by Barrett and Derek Smith (Dkt. 125) to withdraw as Plaintiff's counsel.  Plaintiff has since proceeded in this action *pro se.*  Because Barrett and Derek Smith represented Plaintiff in connection with the disclosure of Plaintiff's expert witness, the court refers to Barrett and Derek Smith as "Plaintiff's counsel" despite the termination from such role on September 18, 2024.

2

by Dr. Frankel. *See Mills*, 2024 WL 4223647 at *1; September 18, 2024 D&O at 2. In addition to granting Defendants' motion, the court directed Plaintiffs' counsel to show cause within 20 days why Defendants' expenses, including attorney fees, incurred in connection with Defendants' motion, should not be awarded, jointly and severally, against Barrett and Derek Smith ("the OTSC"), with Defendants given 10 days to file a response, after which Plaintiff had five days to file any reply. *Mills*, 2024 WL 4223647, at * 5; September 18, 2024 D&O at 13-14.[2] To date, Plaintiff's counsel has not responded to the OTSC.

By letter to the undersigned dated and filed October 25, 2024 (Dkt. 153) ("October 25, 2024 Letter"), Defendants requested that given Plaintiff's counsel's failure to respond to the OTSC, Defendants be permitted to file a fee application as anticipated by the September 18, 2024 D&O. Based on the failure of Barrett and Derek Smith to respond to the OTSC, in a Decision and Order filed November 5, 2024 (Dkt. 158) ("November 5, 2024 D&O"), the court found both Barrett and Derek Smith had conceded that the relief sought by Defendants pursuant to Rule 16(f)(1)(C) should be granted, November 5, 2024 D&O at 2, and directed Defendants to file an application in support of their expenses incurred in connection with Defendants' motion within 20 days, with Plaintiff's counsel given 10 days to file a response, after which Defendants had five days to file any reply. November 5, 2024 D&O at 3.

---

[2] Although Defendants' motion sought fees pursuant to Fed.R.Civ.P. 16(f)(1)(C) for failure to comply with a scheduling order, pursuant to Fed.R.Civ.P. 26(a)(1)(D) for failure to timely serve expert disclosure, as well as pursuant to Fed.R.Civ.P. 37(c)(1)(A) for failure to comply with discovery, the actual award of attorney fees was pursuant to Rule 16(f)(1)(C) based on Plaintiff's failure to timely disclose Plaintiff's expert discovery or to seek an extension for such disclosure. *Mills*, 2024 WL 4223647, at *5; September 18, 2024 D&O at 12-13.

3

After moving for an extension of time (Dkt. 146, filed October 2, 2024), which was granted on October 3, 2024 (Dkt. 147), Plaintiff, on November 6, 2024, filed objections to, *inter alia*, the September 18, 2024 D&O (Dkt. 160) ("Plaintiff's objections"). On November 25, 2024, Defendants filed the Declaration [of Peter H. Wiltenburg, Esq.][3] in support of Defendants' Application for Attorneys' Fees (Dkt. 168) ("Wiltenburg Declaration"), attaching in support exhibits A and B (Dkts. 168-1 and 168-2) ("Defendants' Exh(s). __"). Defendants seek a total of $ 12,949 for 56.3 hours expended by one attorney, Peter H. Wiltenburg ("Wiltenburg"), at an hourly rate of $ 230 in litigating Defendants' motion. To date, Plaintiff's counsel has not filed any papers in response.

On December 2, 2024, Defendants filed the Declaration [of Wiltenburg] in Opposition to Plaintiff's Objections to Decision and Order under Fed.R.Civ.P. 72(a) (Dkt. 172). By Text Order entered February 25, 2025 (Dkt. 186), District Judge William S. Skretny denied Plaintiff's objections thereby allowing the court to address Defendants' fee application.

Oral argument was deemed unnecessary.

"[I]n determining a fee award, the typical [starting] point is the so-called lodestar amount, that is 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *New York v. Grand River Enterprises Six Nations, Ltd.*, 2021 WL 4958653, at *2 (W.D.N.Y. Oct. 26, 2021) (quoting *Healy v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007) (quoting *Hensely v. Eckerhart*, 461 U.S. 424, 433 (1983)). "In calculating the lodestar amount, the initial burden is on the requesting party to submit evidence

---

[3] Unless otherwise indicated, bracketed material has been added.

4

supporting the number of hours worked and the hourly rate claimed." *Grand River Enterprises Six Nations, Ltd.*, 2021 WL 4958653, at *2 (citing *Hensely*, 461 U.S. at 433). "A reasonable hourly rate is a rate 'in line with . . . prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation.'" *McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (quoting *Blum v. Stenson,* 465 U.S. 886, 895 n. 11 (1984), and citing *Chambless v. Masters, Mates & Pilots Pension Plan,* 885 F.2d 1053, 1058-59 (2d Cir.1989)). "[O]nly those hours "reasonably expended" are to be awarded. *Id*. (quoting *Hensley,* 461 U.S. at 434–35). Attorney fees awarded as a sanction are not intended to provide the prevailing party with a windfall, but "merely to compensate [ ] for additional expenses incurred on this single discovery matter." *Matteo v. Kohl's Dept. Stores, Inc.*, 2012 WL 5177491, at *7 (S.D.N.Y. Oct. 19, 2021). Further, courts often employ an across-the-board reduction in hours to "trim the fat." *See McDonald v. Pension Plan of the NYSA–ILA Pension Trust Fund,* 450 F.3d 91, 96 (2d Cir.2006) ("A district court may exercise its discretion and use a percentage deduction 'as a practical means of trimming fat from a fee application.'") (quoting *Kirsch v. Fleet St., Ltd.,* 148 F.3d 149, 173 (2d Cir.1998)) (further internal quotation).

Here, Defendants assert Defendants' attorney, Wiltenburg, incurred 46.3 hours researching, drafting and revising Defendants' motion to strike or preclude Plaintiff's expert, .9 hours analyzing, researching, and discussing whether to oppose Plaintiff's motion (Dkt. 110) for an extension of time to oppose Defendants' motion, and 9.1 hours researching, drafting, and revising Defendants' Reply, for a total of 56.3 hours of legal work in connection with preparation and support for Defendants' motion. Plaintiff's

5

counsel has not filed any response in opposition and, thus, has not objected either to the number of hours or requested hourly billing rate of $ 230 for Wiltenburg, the sole attorney responsible for preparing Defendants' motion.

      Nevertheless, a thorough review of Defendants' billing records and summary of Defendants' counsels' hours expended in support of Defendants' motion, *see* Exhibits A (Dkt. 168-1, Defendants' redacted billing records) and B (Dkt. 168-2, Defendants' unredacted summary of billing records), shows the number of hours, 56.3, is significantly excessive given the nature of Defendants' motion was straight-forward and uncomplicated insofar as Defendants sought to strike or preclude Plaintiff's expert report and testimony at trial based on Plaintiff's failure disclose such expert discovery until January 2, 2024, *i.e.*, more than 15 months after the September 16, 2022 deadline for such disclosure.  *See Underdog Trucking, L.L.C. v. Verizon Services Corp.*, 276 F.R.D. 105, 112-13 (S.D.N.Y. 2011) (reducing by 50% hours sought in fee application for sanctions awarded in connection with motion to compel where the nature of the legal argument was "straightforward").  For example, Wiltenburg reports spending 23.9 hours drafting a 19-page memorandum of law of which 2 pages provides the relevant legal standard for the motion, and at most 11 pages contains legal analysis.  Further review of the individual entries on the billing summary also indicates some duplication of time and undue vagueness in the entries requiring the court to further reduce such hours as 'fat-trimming."  For example, Wiltenburg includes two separate entries on January 10, 2024, for a total of one hour spent analyzing the court's scheduling orders despite that fact that only two scheduling orders, including the initial scheduling order filed November 16, 2021 (Dkt. 32), and the First Amended SO filed July 7, 2022 (Dkt. 37),

addressed the deadline for expert disclosure.  Nevertheless, the $ 230 hourly rate claimed by Wiltenburg, which Plaintiff's former counsel does not challenge, is reasonable given what has previously been approved by the court in connection with an earlier motion to compel filed by Defendants in this action.  *See Mills v. Steuben Foods, Inc.*, 2023 WL 6825265, at * 3 (W.D.N.Y. Oct. 17, 2023) (approving hourly rate of $ 230).

Defendants' fee application is GRANTED in part and DENIED in part with Defendants' attorney fees awarded as follows:

56.3 hours X 50% reduction = 28.15 hours

Deduct additional 10% (2.815 hours) to trim fat: 28.15 – 2.815 = 25.335 hours

Multiply hours by hourly rate:  25.335 X $ 230 = $ 5,827.05

Accordingly, the court awards Defendants $ 5,827.05 in attorney fees for Defendants' motion.

Rule 16(f)(2) provides that "the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule . . . ."  Here, the court has already determined that the responsibility for the late disclosure of Dr. Lerner and Dr. Lerner's report lies solely with Plaintiffs' then counsel, *i.e.*, Barrett and Derek Smith, jointly and severally.  *Mills*, 2024 WL 4223647 at *5; September 18, 2024 D&O at 13; November 5, 2024 D&O at 2-3.  Accordingly, the attorney fees, $ 5,827.05, are awarded jointly and severally against Barrett and Derek Smith.

## CONCLUSION

Based on the foregoing, Defendants' application pursuant to Rule 16(f)(1)(C) (Dkt. 168) seeking $ 12,949 in attorney fees incurred in connection with Defendants' motion to preclude Plaintiff's expert witness (Dkt. 97) is GRANTED in part and DENIED in part.  Plaintiff's former counsel, Seamus P. Barrett, Esq., and Derek Smith Law Group, PLLC, are jointly and severally liable to pay Defendants' expenses in the amount of $ 5,827.05 within 30 days.  Should either Barrett or Derek Smith fail to pay, the other shall remain individually responsible for the unpaid portion awarded to Defendants as stated above.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:  April 29, 2025
        Buffalo, New York

Any appeal of this Decision and Order must be taken by filing written objection with the Clerk of Court **not later than 14 days** after service of this Decision and Order in accordance with Fed.R.Civ.P. 72(a).